## CARUTHERS v. CARUTHERS.

1. DIVORCE: INHUMAN TREATMENT. An attempt to injure the person of the wife is not essential to constitute inhuman treatment to such an extent as to authorize a divorce.   Acts which endanger the life of the wife by destroying her health and peace may constitute sufficient ground for divorce. *Beebee* v. *Beebee* 10 Iowa, 133, re-affirmed,

*Appeal from Marion District Court.*

WEDNESDAY, JUNE 4.

THE facts are stated in the opinion of the court.

*Seevers, Williams & Seevers* for the appellant.

*George May* for the appellee.

BALDWIN, C. J. — Petition for divorce.   Cause alleged— such inhuman treatment as to endanger the life of the com-

Caruthers v. Caruthers.

plainant. Demurrer to the petition being overruled, respondent appeals.

The question is, whether the facts stated in the petition show that the defendant has been guilty of such inhuman treatment as to endanger the life of the petitioner. The petitioner first alleges that the defendant has been guilty of various acts of inhumanity toward her, and that she believes the defendant has committed such outrages with a design of destroying her peace of mind, and undermining her health, and thus endangering her life. As specifications under this averment, various acts of unkindness are charged, such as petty annoyances, groundless complaints, requiring her to do the labor of a man upon the farm, maltreatment toward her children, &c., neither of which are alone sufficient upon which to predicate a charge of such inhuman treatment to as endanger the life.

The petitioner, however, charges that defendant went away to Kansas and left her to provide for the family, to raise the crop, &c., and that, upon his return, defendant's "conduct and intercourse with petitioner were especially tyrannical, exacting, and over-bearing, often brutal; that he has frequently threatened to whip petitioner, that he did not intend to live with her, as his wife any longer, that if she did not conduct herself differently, he did not know what he might be provoked to do, and other and numerous wrongs and injuries committed against the rights of petitioner, destroying her peace and quietude, and producing such fear, and anguish, and sorrow, as she verily believes is endangering her life," &c. A construction of the language of the statute, upon which this complaint is made, has already been given, and the proper rules to guide the courts of our state in determining whether the conduct of a husband or wife is of such inhuman character as to endanger the life of the other, are so fully and clearly pointed out by WRIGHT, C. J., in the case of *Beebee*

v. *Beebee*, 10 Iowa, 133, that we deem it useless, in this case to but apply the principles as therein stated. It is conceded that the charges of cruelty are not so specifically stated, as to lead us to the conclusion that the pleading is unexceptionable, but the question is, whether, taking the whole of the complaint together, does it not, if true, show such a disposition of mind upon the part of defendant as would justify the chancellor in concluding that the life of the complainant was endangered, by compelling the parties to live together. That the defendant's treatment of his wife, in threatening to whip her, to drive her from his home, in exacting labor that none but a man should perform, driving her children from her without cause, &c., is inhuman, none would undertake to controvert. This kind of treatment of a person of the advanced age of complainant, (the bill shows that they were married in 1833,) might so affect her mind as to destroy her health, and ultimately endanger her life. This, of course, would depend upon the evidence. The material inquiry is, (see *Beebee* v. *Beebee*, *supra*,) whether the life of the complainant is endangered, or will be, by the continuance of the cohabitation. There may have been no act done in the way of attempting the apprehended injury, and yet the court can as well see that there is danger, as though there had been many attempts.

The party complaining has a right to be relieved from apprehended danger, and need not wait until there is an attempt made to carry the threat into execution. The complainant charges that there is a systematic attempt upon the part of defendant to destroy her peace of mind and health. The threatening to whip, to drive her from home, the exacting of labor amounting to cruelty, abuse of children, &c., &c., are the specifications tending to show the defendant's inhumanity. If it should appear that such

acts endangered the life of the complainant, the law grants her the relief prayed for.

Affirmed.