### FREERKING v. FREERKING.

1    Divorce: INHUMAN TREATMENT: The statute requires two ingredients in
cruel treatment to constitute ground for divorce: 1st. It must be inhu-
man; 2d. It must endanger life.

2.    ——— PLEADING. A petition for a divorce on the ground of cruel treat-
ment should state the specific facts of inhuman treatment which are
relied on; it is not sufficient to allege generally that the defendant is
guilty of such treatment.

*Appeal from Benton District Court.*

THURSDAY, JUNE 15.

DIVORCE: DEMURRER TO PETITION: INHUMAN TREAT-
MENT AS A GROUND OF DIVORCE.—This was a petition for
divorce founded upon the seventh subdivision of § 2534
of the Revision.

It is alleged in the petition in substance as follows: That
the parties were married January 13, 1864; that the defend-
ant's treatment of the plaintiff has been so inhuman as to
endanger her life; defendant frequently permitting himself
to go off in sudden fits of passion, during which he
would treat plaintiff in the most shameful and abusive
manner, frequently villifying the plaintiff, calling her all
sorts of names, and using gross, insulting and profane lan-
guage towards her, during which time the defendant, for
weeks at a time, would never cast a pleasant smile or speak
a pleasant word to plaintiff, but made unjust accusations
against her to wound her feelings, stating at times that he
would pay any man ten dollars who would shoot her, and
by such declarations causing her to live in continual dread
and fear lest he would inflict some bodily injury upon
her — to set up all night lest defendant would injure her;
and that by such declarations and treatment he caused an
involuntary dread of bodily harm to arise in her mind,
which she could not overcome.

It is further alleged that his treatment grew worse and worse, but not specifying wherein, until it became so intolerable that she and her children (by a former husband) left his house; that defendant's treatment of these children was bad, using insulting and vulgar language toward them, calling them liars, and threatening to run a pitchfork through them, to knock out their brains, &c., putting the plaintiffs in continual dread and fear; and this the defendant did, as she believes, for the purpose of afflicting her and destroying her peace and happiness. It is further alleged that the defendant abused and ill-treated the cattle of the plaintiff (which she owned at the time of her marriage with him), and converted $300 of her money to his own use.

It is further alleged that the plaintiff "furnished out of her own property and money all the flour, meat and butter for the support of the family; defendant neglecting to do this, so that the plaintiff either had to furnish them or do without them, which the family could not do."

It is also alleged, that since she left the defendant he has endeavored to destroy her reputation and standing in society, by false accusations of lewd conduct and of keeping a house of ill fame, &c.

Such in substance is the petition, except some other allegations with reference to a claim for alimony.

To this petition the court overruled the defendant's demurrer, thereby holding the petition to be sufficient, if its averments were true, to entitle the plaintiff to a divorce *a vinculo;* and this is the only question before us. Defendant appeals.

*S. P. Vanatta* for the plaintiff.

*W. C. Connell* for the defendant.

DILLON, J. — By our statute (Rev. § 2533), the wife is

1. DIVORCE: inhuman treatment. entitled to a divorce when the husband " is guilty of such inhuman treatment as to endanger her life."

The meaning and true construction of this provision were very fully considered in the case of *Beebe* v. *Beebe*, 10 Iowa, 133 ; recognized and followed in *Caruthers* v. *Caruthers*, 13 Iowa, 266, to which we refer.

The statute requires two ingredients to authorize the innocent party to claim a divorce on this ground.

1st. The treatment of the opposite party must be *inhuman*, and

2d. Such as to *endanger life*.

In framing a petition for a divorce it is the duty of the plaintiffs to state the facts, the specific facts of inhuman

2. —— pleadings. treatment, which are relied on as the ground of the relief prayed. The *fact* showing, or from which the court can see, that the life would be endangered by a continuance of the cohabitation, should be fully set forth. It is not sufficient to allege generally, that the defendant is guilty of such inhuman treatment as to endanger her life. *Pinkney* v. *Pinkney*, 4 G. Greene, 324.

In considering the sufficiency of the present petition, we must lay out of view all general allegations and statements of this character, and look only at the specific facts which are of a nature to be established by evidence, and when established, are of such a character as to induce a reasonable apprehension of danger to life.

Thus regarding the petition, we are all of the opinion that the demurrer thereto ought to have been sustained.

It is nowhere alleged that the defendant ever did the plaintiff bodily harm, or even threatened to do so. The nearest approach to such an allegation, is the one that the defendant declared that he would pay any man $10 who would shoot the plaintiff. This cannot seriously be

regarded as a threat, though such language is, of course, highly reprehensible.

It is alleged that he vilified and abused the plaintiff both before and after the separation, and also abused and maltreated her children; that she was obliged to furnish food, &c.

Admitting all this to be true, and conceding that if true, the husband's conduct is intensely blameworthy; still, it fails to satisfy us that this treatment was such as "*to endanger the life*" of the plaintiff. It is not alleged that her health was impaired or injured.

The case is distinguishable from the two prior cases in this State, above cited, in both of which there was cruel and inhuman conduct, and actual bodily harm threatened. And these two cases, particularly the last one, have gone as far as the most literal construction of the statute would justify.

The defendant did not except to the ruling of the court, allowing the plaintiff a sum of money as temporary alimony, and its ruling in this respect must be affirmed.

The judgment of the District Court, on the demurrer, is reversed, and the cause remanded, with leave to the plaintiff to make the petition more specific, and otherwise to amend the same if she is so advised.

Reversed.