CORA DELBRIDGE, Plaintiff, v. W. G. SEARS, Judge, et al., Defendants.

**DIVORCE:** Modification of Decree—Retroactive Modification. Retroactive modifications of a decree of divorce are not permissible under Section 3180, Code, 1897. So held where the court assumed to cancel past due and unpaid installments of alimony.

**CERTIORARI:** When Writ Lies—Retroactive Modification of Divorce Decree. Certiorari will lie to review the illegal action of the trial court in entering a retroactive modification of a decree of divorce. (Sec. 4154, Code, 1897.)

**DIVORCE:** Alimony—Conclusiveness of Adjudication. Principle recognized that a decree of divorce, providing stated alimony, is a conclusive adjudication of the conditions existing at the date of the decree.

**JUDGMENT:** Merger and Bar—Stipulations Antedating Judgment. Stipulations and agreements of the parties to a judgment antedating the entry thereof, and not embodied therein, are merged in the judgment entry. So held with reference to a stipulation antedating a divorce decree.

**CONTRACTS:** Consideration—Part Payment of Legal Obligation—Effect. Principle recognized that an acceptance of a part of that which is legally due does not waive the right to insist upon the full amount.

*Certiorari from Woodbury District Court.*—W. G. SEARS,
Judge.

WEDNESDAY, DECEMBER 13, 1916.

REHEARING DENIED MONDAY, MARCH 12, 1917.

CERTIORARI, contesting the legality of the court's action in a proceeding modifying a decree of divorce in so far as it relates to the alimony granted, brought under the provisions of Section 3180 of the Code of 1897, the contention being that the court acted illegally, in so far as it decreed that the defendant was not holden for accrued and unpaid amounts provided for in the original decree.—*Reversed.*

*Chas. Lockie* and *W. H. Farnsworth*, for plaintiff.

*Kass Bros.*, for defendants.

1. DIVORCE:
modification
of decree:
retroactive
modification.

GAYNOR, C. J.—This is an original proceeding in certiorari. We are asked to review the proceedings in the district court of Woodbury County.

On the 11th day of January, 1912, the plaintiff herein obtained a decree of divorce on the grounds of cruel and inhuman treatment, and was awarded the sole care, custody and control of their minor daughters, Alta Delbridge and Florence Delbridge. The degree further provided alimony in the sum of $6 per week. A judgment was entered against the defendant, Frank Delbridge, requiring him to pay to the plaintiff the sum of $6.00 per week until the further order of the court, and that execution issue therefor. This decree stood until the 23rd day of November, 1915, at which time the husband filed, in the same court in which the original decree was entered, a petition asking that the decree be modified, alleging that, since the decree of divorce was entered, the condition of both parties has been changed; that the condition of the parties has so changed that it is unfair and unjust to the defendant to require him to pay

the sums to the plaintiff as ordered by the original decree of divorce. The full prayer is as follows:

"That the decree entered on the 11th day of January, 1912, be modified so far as the same refers to the payment of alimony by this defendant, as well as the custody of the children; that the plaintiff be awarded no further alimony, and that this defendant be awarded the custody of said Florence Delbridge; that the decree for alimony heretofore entered be declared satisfied and paid, and that said decree be modified accordingly; that an injunction be issued herein directed to the said plaintiff and the sheriff of Woodbury County, Iowa, restraining them from proceeding under the execution issued as aforesaid, and that said execution and the levy and garnishment thereunder be cancelled, and for such other and further relief as the court may deem equitable in the premises, and for costs."

To the petition, the plaintiff herein appeared and filed answer, admitting certain facts and denying others.

On the issues tendered, the cause was tried to the court, and a decree entered modifying the decree substantially as prayed for by the plaintiff in that suit. Thereupon, a writ of certiorari was sued out in this court, directed to the district court of Woodbury County, requiring the court to certify the record and proceedings and all the facts.

2. CERTIORARI: when writ lies: retroactive modification of divorce decree.
It is urged here that certiorari will not lie; that this plaintiff has a plain, speedy and adequate remedy at law. To this question, we first address our attention. If certiorari is not the proper method of reviewing the action of the court in a case like this, then, of course, the writ must be annulled.

Courts of equity have jurisdiction of divorce proceedings and the granting of alimony. Section 3180 of the Code of 1897 provides:

"When a divorce is decreed, the court may make such

order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient."

This section is the same now as was Section 2229 of the Code of 1873.

3. DIVORCE: alimony: conclusiveness of adjudication.

The decree as to alimony, custody of children, etc., adjudicates the circumstances of the parties at that time. It is only upon a change in such circumstances that the power to make subsequent changes in the decree is to be exercised. This power is called into existence and is invoked by proper proceedings instituted in the court in which the decree was entered, and it is only upon allegation and proof of change in circumstances that the power to make subsequent changes in the decree is to be exercised. It is not the granting of a new trial or a retrial of the original case. See *Blythe v. Blythe*, 25 Iowa 266; *Wilde v. Wilde*, 36 Iowa 319.

The decree for alimony, originally entered, is based upon a showing of the then circumstances of the parties. That is true in the awarding of the custody of the children. That decree is final as to the then conditions and circumstances of the parties. When changes subsequently arise, either party, upon proper showing, may have the decree as to alimony and custody of children modified or changed, as equity and justice shall determine—this to meet the new and changed conditions. The proceedings are equitable, and are determined and disposed of according to the rules of equity. A court of equity, having obtained jurisdiction originally, retains jurisdiction for the purpose of subsequent changes or modifications to meet new and changed conditions, but not otherwise. An application of this kind is addressed to a court of equity, and must allege the statutory ground to invoke the jurisdiction of the court, and to au-

thorize it to act in modifying or changing the original decree. The changed conditions must not only be alleged, but must be proven, and the judgment of the court is challenged upon the proof. If either party feels himself aggrieved by the action of the court, he has a right to appeal to this court from the final decree.

Ordinarily, therefore, the plaintiff's remedy must be by appeal. Ordinarily, he has a plain, speedy and adequate remedy in appeal from the judgment of the court modifying the original decree.

It must be borne in mind, however, that, even where the court has jurisdiction of the subject-matter of the parties, the court may exceed its jurisdiction in respect to the relief granted, and in that may act illegally, and in violation of the power conferred upon it to make disposition of the parties and their rights. As said before, the decree originally entered was a determination of the status of the parties, and determined and fixed the duties and obligations to each other. A judgment for alimony is based upon the then condition of the parties. There was reserved in the court granting the decree, at the time the decree was entered, the right subsequently to change the decree in respect to alimony and children, when circumstances rendered it expedient. The decree, as originally entered, stood as a finality between the parties, until the power of the court was invoked to make changes and modifications. These changes and modifications could only be made when the conditions and circumstances had changed. There was no power in the court to vacate any portion of the original decree so as to destroy vested rights.

The court, therefore, had no power, no authority or right, under the law; to divest the plaintiff of that with which she had become invested by reason of the former decree.

It must be borne in mind that the authority to modify, change or amend a decree awarding alimony and providing

for the custody of children, must be found in the statute. It follows, therefore, that we must look to the statute for the authority to modify or change the decree. The statute under which the authority is found is Section 3180 of the Code of 1897. In this statute, the court is given power to make such order, in relation to the children, property, parties, and maintenance of the parties, as shall be right. This, at the time the decree is entered. Until modified, it remains as the decree of the court in relation to the children, property, parties and the maintenance of the parties, whether right or wrong. It fixes the duties and obligations of each to the other upon the granting of the divorce, and the duties and obligations remain as fixed in the decree, until modified or changed. The rights that accrue under the decree originally entered, become vested rights by virtue of the decree. Instalments of alimony that accrue under this decree, become vested in the party to whom the decree awards it, as it accrues, and payment may be enforced by the court.

The statute, in so far as it authorizes the court, in divorce proceedings, to make orders in relation to the children, property, parties and the maintenance of the parties, is, no doubt, declaratory of the common law. The right to make subsequent changes is to be found in the statute.

In *Sistare v. Sistare,* 54 L. Ed. 905, Chief Justice White, in speaking of this subject, treating of a statute similar to the one here authorizing the modification of decrees touching alimony, said:

"The mere enlargement of the power of the court so as to permit modification of the allowance for alimony upon the application of the husband did not confer authority to change or set aside the rights of the wife in respect to instalments which were overdue at the time the application was made by the husband to modify the decree."

In argument upon this question, the Chief Justice said:

"Indeed, as in principle, if it be that the power to vary

or modify operates retroactively, and may affect past-due instalments so as to relieve of the obligation to pay such instalments, it would follow, in the nature of things, that the power would exist to increase the amount allowed, it is additionally impossible to imply such authority in the absence of provisions plainly compelling to such conclusion. Beyond all this, when it is considered that no provision is found looking to the repayment by the wife of any instalments which had been collected from the husband, in the event of a retroactive reduction of the allowance, it would seem that no power to retroactively modify was intended."

Our own court, in speaking of this subject, in *Graves v. Graves,* 132 Iowa 199, 206, said:

"Plaintiff's appeal presents the question as to the right and duty of the trial court to modify the original decree as to alimony without another trial of that issue. * * * * * * * In construing this statute, the uniform holding has been to the effect that, as the original decree is conclusive upon the parties, upon the facts and circumstances then existing, or which might have been proved, no change will be made therein save where there has been a change in the circumstances of the parties after the decree is rendered."

This, however, is elementary: that a decree, in any case in which the court has jurisdiction of the subject-matter and the parties, is conclusive and final, until modified or set aside in proper proceedings. The only question here is whether or not this statute, Section 3180, in so far as it says that subsequent changes may be made by the court in respect to the matters involved and determined in the original decree, when circumstances render them expedient, authorizes the court to make a retrospective order affecting the rights of the parties accrued under the original decree, or whether the statute authorizes simply a modification of the order touching these matters, in so far as it relates to

the future relationship of the parties under changed circumstances and conditions.

Our opinion under the authorities is that this statute does not authorize any change or modification of the decree that is retroactive in its operation; that the authority given the court in this statute—and it is the only authority which the court has—does not authorize the court to divest the parties of rights accrued under the original decree, but simply authorizes the court, when the conditions have become changed, to make such provision for the future as will be expedient, just, and equitable, under the then existing circumstances. It makes no difference what the circumstances or conditions were, under which the parties rested at the time of the granting of the original decree, for the reason that the order for alimony is based upon a finding of the then condition; and, as long as the decree remains unchanged and unmodified, it is conclusive upon the parties as to their then circumstances, and cannot be inquired into upon a petition, such as we have here, to modify or change the decree. This application necessarily has reference to the then changed conditions of the parties, and the action of the court must be based upon the then changed conditions, as exposed in the record, and the order must relate to the future, based upon the then changed conditions, and cannot be retroactive without destroying the force and efficacy of the original decree while it remained in force and binding upon the parties.

On an application of this kind, the court is not authorized to go back and determine that the allowance in the original decree was unjust or inequitable, in view of the then circumstances of the parties. The right to modify must date from the application for modification; must look to the then condition of the parties; and fix and determine, not what their past rights were, not what their past duties

were, but what their rights and duties towards each other, touching alimony, shall be thereafter.

The first complaint made by the plaintiff in this action is that the court acted illegally, when the decree was signed modifying the former decree, in so far as the same was made retroactive and cancelled the accrued alimony due and unpaid. `This is the only complaint that we will consider in a proceeding such as we have here. Did the court act illegally in making a retrospective order? Did it have the power to make a retroactive order touching alimony?

4. JUDGMENT: merger and bar: stipulations antedating judgment.

The finding of the court below is that the husband, Frank Delbridge, paid, under said decree, to the plaintiff, at various times since the entering of the decree, the sum of $6 per week, up to the 7th day of April, 1912; that thereafter, he paid to the plaintiff only $3 per week, up to the 4th day of October, 1915; and then the court finds that the provisions of the decree, in so far as the same relates to the payment of $6 per week alimony, have been fully satisfied up to the 4th day of October, 1915, and that it would be inequitable, therefore, to require the defendant to pay the $6 per week, as provided in the decree; that the payments found to have been made were made under an agreement between the parties made prior to the entering of the decree. The finding upon this point is that, on the 9th day of August, 1911 (the decree was entered January 11, 1912), it was orally agreed and stipulated between the parties that, in the event a decree of divorce was granted to the plaintiff, the defendant would convey to the plaintiff a certain home in the city of Sioux City; that he would execute and deliver a note secured by mortgage in the sum of $275; that the plaintiff should be entitled to all the household goods excepting a bedroom set; that the plaintiff should have the custody of the children, except the minor son; and that the defendant should pay the sum of $6 a week for the support of said

minor children until the eldest daughter should reach majority; and that thereafter, he should pay the sum of $3 per week until the majority of the youngest daughter; that thereafter, in pursuance of the agreement, the defendant conveyed the real estate, delivered the personal property, and paid $6 per week up to the 7th day of April, 1912, the date when Alta reached her majority; that thereafter, he paid but the sum of $3 a week; that the $3 a week was accepted by the plaintiff in recognition and ratification of the oral agreement and stipulation, and in full payment of all other demands upon the defendant.

Upon this finding, the court ordered and decreed that the decree entered on the 11th day of January, 1912, providing for the payment of $6 a week alimony, be. and the same is hereby modified as follows: That the defendant, Frank Delbridge, shall pay to the plaintiff, in full ·of all alimony to this date, the sum of $33; that the defendant shall pay to the plaintiff for the care and support of the minor daughter, Florence, the sum of $3 per week, payable on Monday of each week, commencing December 20, 1915; and that the original decree, in so far as the same provides for the payment of $6 a week, is hereby satisfied, discharged, vacated and set aside, and this order and decree entered in lieu thereof; that the execution and garnishment proceeding and levy thereunder heretofore issued herein, are hereby set aside, discharged and dismissed, and the execution order returned, and the ·garnishment discharged and released.

Whatever this agreement was, upon which the court acted, it is apparent that it antedated the decree, and was merged in the decree. The court had no power to go back of the original decree and make a finding other and different from that which was the basis of the original decree. The court was not bound by the stipulation of the parties, nor does it appear that that stipulation was brought to the

knowledge of the court at the time the original decree was entered. The original decree, covering the same subject-matter of the alleged stipulation, found and fixed the duty of the defendant towards the plaintiff touching alimony. The original decree provided that the plaintiff have and recover of the defendant, Frank Delbridge, a personal judgment for alimony in the sum of $6 a week until the further order, and that execution issue therefor. This finding of fact does not enlarge the power of the court, invoked by the proceeding to modify the judgment. The judgment still stood as a verity. The facts upon which it rested could not be retried, nor could the parties go behind the judgment and original decree. This finding of the court does not open the way for the vacation of the original judgment.

We must hold, therefore, that the court exceeded its authority and jurisdiction in making the order cancelling so much of the decree as gave plaintiff $6 a week, based as it was upon a claimed agreement between the parties made prior to the entering of the original decree.

5. CONTRACTS: consideration: part payment of legal obligation: effect. An acceptance of a part of that which is legally due, does not waive the right to insist upon the full amount. Indeed, we think that the finding of the court on this matter, even if it were material to the controversy, has not support in the evidence, and that the court acted illegally and without jurisdiction in discharging and vacating the original decree, and entering a decree in lieu thereof. There was no power in the court to vacate the original decree in a proceeding of this kind. The order authorized by the statute related only to the future obligations under changed conditions.

So much of the decree, therefore, as was retroactive in its operation, and undertook to release the defendant from the obligation to pay the amount accrued under the original decree, up to the date of the modification herein complained

of, is absolutely void, in excess of authority, and without jurisdiction, and is, therefore, annulled and set aside. We do not interfere in a proceeding of this kind with the finding of the court as to the payments by the defendant, required by this decree, in so far as they relate to the future.

It is claimed that, after this decree was entered, the defendant paid in to the clerk the $33 fixed by the decree, and that the plaintiff accepted it, and that, therefore, she cannot complain of the decree. She was entitled to more than this $33, under the original decree. The payment and acceptance of this $33 may be credited on the amount originally due. From the obligation of the original decree, the court had no power to discharge the defendant.

The change as to alimony, in so far as it relates to the future obligations of the defendant, will remain as fixed in this last decree; but in so far as it seeks to vacate the decree originally entered, requiring the plaintiff to pay $6 a week alimony, and releases the defendant from his obligation to pay instalments due at the time of this last decree, it is null and void.

The case is, therefore, reversed, with instructions to the court to enter a decree in accordance with the opinion herein.—*Reversed.*

EVANS, C. J., LADD and SALINGER, JJ., concur.