MILLIE WOODALL, Appellant, v. B. T. WOODALL, Appellee.

**DIVORCE:** Alimony—Modification—Accounting Between Parties.
1 Where, in an application to modify a decree in alimony, it is made to appear that the defendant is in arrears on payments, but it also appears that plaintiff has seized and converted certain property of the defendant's, the court may work out an accounting by plaintiff for the property seized, and may, on supporting testimony, decree that the property seized equals the payments which are in arrears, it appearing that the parties had, without objection, litigated such issue.

**PLEADING:** Issues—Voluntary Issues—Trial—Effect. Principle reaf-
2 firmed that parties who voluntarily litigate issues which are not within the pleadings are bound thereby. (See Book of Anno., Vol. 1, Sec. 11426, Sec. 12827, Anno. 89 *et seq.*)

Headnote 1: 19 C. J. pp. 237, 251 (Anno.), 289 (Anno.) Headnote 2: 31 Cyc. p. 755.

*Appeal from Plymouth District Court.*—C. C. BRADLEY, Judge.

JULY 1, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Appeal from an order by the district court modifying, as to alimony, a previous decree of divorce entered by the same court in favor of the plaintiff and against the defendant. From such modifying order the plaintiff has appealed.—*Affirmed.*

*Nelson Miller,* for appellant.

*J. T. Keenan,* for appellee.

EVANS, C. J.—It appears from the record that, on April 1,

1924, the plaintiff obtained a decree of divorce against the defendant, whereby alimony was adjudged in her favor. The provisions of such decree, out of which the present controversy arises, were that the defendant should pay to the plaintiff $40 per month, which was to include alimony and the support of the three children left in the custody of the plaintiff. The defendant paid the sum so stipulated for the period of six months, and thereafter defaulted. In September, 1925, the defendant filed his application for a modification of the decree as to the alimony provisions therein. He was then in default to the approximate amount of $500. The purported grounds of his application were that the circumstances of the parties had materially changed, in that the plaintiff had remarried, and had moved out of the county, and was being cared for and supported by her then husband; that his own earning capacity had been wholly lost and destroyed, through the conduct of the plaintiff herself; that he was a blacksmith by trade, and was dependent upon such trade for his earning capacity; that, during his temporary absence, all his blacksmith tools and machinery had been taken and removed from his shop by the plaintiff, and had been retained by her ever since; and that said tools and machinery were of the value of $2,500 to $3,000.

1. DIVORCE: alimony: modification: accounting between parties.

Responding to this application, and in addition to a general denial, the plaintiff herself filed an application asking for a modification of the alimony provisions of the decree. She prayed that the court order the defendant to convey to her the certain real estate upon which his blacksmith shop was located, which was of the value of $2,000; and that such conveyance should be in lieu of all obligations of the defendant for alimony, and in satisfaction of the lien fixed upon such property by the decree for the payment of alimony.

Upon these pleadings, the evidence at the hearing took a wide range. The final order of the court awarded to the plaintiff, or permitted her to retain, all the tools and machinery taken by her from the blacksmith shop. But the decree also provided that such retention should be in satisfaction of the accrued installments of alimony under the original decree. It further provided that the defendant should pay thereafter, for the support of his children, $25 per month. The special complaint of the

plaintiff, as appellant, is directed to that feature of the decree which satisfied the installments of alimony which had already accrued prior to the modification of the decree. The argument is that such accrued installments of alimony had fully vested in the plaintiff, and that the court had no power to divest her thereof. The argument is predicated upon our holding in *Delbridge v. Sears,* 179 Iowa 526.

The record discloses four executions issued by the plaintiff. Under three of these executions, levies were made, and property in the blacksmith shop was seized. Under two of these execu-

2. PLEADING: is-  tions, no sale resulted, and the property was
sues: voluntary
issues: trial:  retained in the possession of the plaintiff. Un-
effect.  der one of these executions, a sale did result,
and something over $200 was realized thereon. It further ap-
pears from the record that the rest of the property contained in the blacksmith shop, which had not been levied on, was removed by the plaintiff and her husband, and taken into their custody for alleged safe-keeping. On the hearing, both parties intro-duced evidence on the question of the value of the property thus taken and held by the plaintiff, and the issue appears to have been voluntarily litigated. The evidence was material only on the question as to whether the defendant was in arrears in his payments, and if so, how much. The defendant was entitled in some form of action to an accounting and to an application of the value of the detained property upon the accrued installments of alimony. But it is now argued by the appellant that the liti-gation of such a right could not be joined to a divorce action, and that the plaintiff was entitled to a separate litigation of the question. The point has its pertinence, and might have been deemed well taken, if it had been made before the district court. The complaint of misjoinder cannot be made here for the first time, and this is what the contention of appellant amounts to. The effect of the court's decree was to find that the property taken and held by the plaintiff was equal in value to the accrued installments of alimony not otherwise paid. That such a finding would have been proper in some form of proceeding is clear. The plaintiff, having voluntarily litigated the issue in this form of proceeding, is in no position to complain. The order of the court did not deprive her of the benefit or operation of the orig-inal decree as to the installments accrued thereunder. It simply

charged her with the value of property which she had taken and held. Such holding operated as an offset to, or payment of, the accrued installments. The sufficiency of the evidence to support such finding by the court is not discussed by appellant, and we shall not undertake to review it.

Though the defendant does not appear in a favorable light in the record, yet it does appear that his earning capacity at his trade has been very seriously impaired. Though the plaintiff had just ground of complaint for his delinquency, yet her acts with reference to the taking of the defendant's tools and machinery were ill-advised. They operated only to the injury of the defendant, rather than to the benefit of the plaintiff. Having taken the property, she was properly chargeable with its value. In fixing the value, approximation was the best that could be done by the court.

We hold only that the point urged here by the appellant is not well taken, in that she is in no position to complain of the scope of the order entered by the court below.

The order appealed from is, accordingly,—*Affirmed.*

STEVENS, FAVILLE, VERMILION, and KINDIG, JJ., concur.