Barbara Jean Buck, appellee, v. Wayne Gilbert Buck, appellant.

No. 49381.

(Reported in 89 N.W.2d 868)

934

Loughlin & Loughlin, of Cherokee, for appellant.

Miller, Miller & Miller, of Cherokee, for appellee.

WENNERSTRUM, J.—Plaintiff heretofore was granted a decree of divorce from the defendant. It provided he should have the custody of the minor child of the parties, Jacqueline K. Buck. Over a year later the plaintiff filed an application for modification of the decree wherein she asked the custody of the minor daughter be changed and the child awarded to her. The defendant filed a resistance to the plaintiff's application. Thereafter a trial was held relative to the issues presented. The trial court changed and awarded the custody of the minor child to the plaintiff-mother and in the decree of modification entered judgment against the defendant-father for child support in the amount of $60 per month. This decree of modification did not provide for visitation rights on the part of the defendant. He has appealed. This court, upon application of the defendant and after a hearing, entered an order staying the modification decree and judgment of the trial court until the determination of the appeal.

The plaintiff and defendant were married on December 25, 1953. One child, the daughter heretofore mentioned, was born to them. This child was approximately three years of age at the time of the hearing on the application for the modification of the decree. The divorce had been granted on June 28, 1956. It was stated in the decree the parties had entered into an oral agreement regarding the custody of the child and to the effect the custody should be awarded to the defendant with the right of visitation on the part of the plaintiff at all reasonable times. It was further provided the plaintiff was to have the further

right to have the child with her throughout the day each Sunday and during any vacation period of the plaintiff.

The evidence presented shows at the time of the divorce decree the plaintiff was employed in a drugstore in Cherokee; prior to and subsequent to the marriage the plaintiff suffered from a nervous condition which was of an epileptic nature; that at the time of the hearing relative to modification of the decree the plaintiff was employed as secretary and bookkeeper in an appliance store in Cherokee which requires her presence in the store from nine o'clock in the morning until 5:30 in the afternoon, Mondays through Saturdays. She did not work Saturday evenings. It is further shown the plaintiff is receiving more compensation than when she was employed in the drugstore and has made arrangements for a person to look after the child during the time she is at the store if custody of the child be granted her. It is her claim she is in a financial position to now give proper care to the child if its custody is placed with her. There is some intimation in the testimony on the part of the plaintiff the original arrangement for the custody of the child was to be of a temporary nature. However, there is no provision in the decree to that effect. At the time of the hearing on the application the plaintiff was approximately 23 years of age. The defendant was several years older.

The defendant, prior to the divorce and at the time of the hearing on the application for modification, was employed by the Northwestern Bell Telephone Company in construction work, which required his absence from Cherokee where the parties had lived prior to the divorce. The evidence further shows the defendant-father has had the child with his parents who live in Anthon, Iowa, since the divorce; at the time of the hearing on the modification the defendant's father was engaged in the trucking business, particularly the hauling of gravel; the child's grandmother, forty-nine years of age, had purchased a restaurant in Anthon approximately a month before the hearing. This business required her attention for approximately two hours at noon and from two to three hours from and after five o'clock in the afternoon; during these periods the child was in the care of a person in a home other than that of the grandparents; that recently different arrangements had been made and the grand-

mother was not required to be in the restaurant for a long period when evening meals were served.

The plaintiff, at the hearing before the trial court, and in this court, claims her financial condition has improved since the divorce; her health is much improved; her employment is of a permanent nature and she now has a desire to have the minor daughter in her custody. There is no claim on her part the mother of the defendant is not a woman of good character or that the child is not receiving proper and adequate care in the home of its grandparents. However, it is her claim the employment of the father takes him away from his minor child a great deal of the time and he is only at the home of his parents for a part of each Saturday and Sunday. It is the plaintiff's further claim the minor daughter deserves and is entitled to the love, affection and close association of her mother. In this connection it should be mentioned the mother has never been denied the right of visitation with the child and on numerous week ends the child has been with her at her apartment home in Cherokee.

██ I. Changes in a divorce decree are justified only where there has been a material change in conditions as they existed at the time of the original decree. Section 598.14, 1958 Code; Beyerink v. Beyerink, 240 Iowa 45, 48, 35 N.W.2d 458; and cases cited. And it has been our holding that in granting or refusing a modification of a prior decree the trial court is vested with a high degree of judicial discretion, which will be disturbed only for an abuse thereof. Kuyper v. Kuyper, 244 Iowa 1, 4, 55 N.W.2d 485, and cases cited; Rahn v. Cramer, 249 Iowa 116, 120, 85 N.W.2d 924, 926; Pearson v. Pearson, 247 Iowa 437, 442, 74 N.W.2d 224, and cases cited.

██ Our review of the evidence, which we have set out in some detail, causes us to conclude there has been no material change in conditions and circumstances as they existed at the time of the original decree. The plaintiff-mother is still employed. She would have to have a nurse or attendant to care for the child during the time she was at work, a condition which existed at the time of the divorce decree. She claims she is in better health than at the time of the original arrangement, but inasmuch as she was the only witness in support of the application this testimony is not too helpful. The facts do not sup-

port her contention she is in better financial condition than at the time of the original decree. It is true she is receiving a slightly higher salary than when employed in a drugstore but it is not very much more. The fact the grandmother of the child has found it necessary to employ a person to look after the child for certain periods of the day is not such a change of conditions as would justify a modification of the decree. This seems especially true when we consider the plaintiff-mother would have to make similar arrangements but for longer periods during the day. It is our conclusion the trial court abused its discretion in making the modification it did in the light of all the circumstances.

■ II. The well being and best interest of the child or children involved in a custody proceeding is the primary matter to be considered. Blundi v. Blundi, 243 Iowa 1219, 55 N.W.2d 239; York v. York, 246 Iowa 132, 136, 67 N.W.2d 28; Ash v. Ash, 248 Iowa 1310, 1313, 85 N.W.2d 530, 532; Dawson v. Dawson, 249 Iowa 588, 591, 88 N.W.2d 117, 119, and cases cited. In the light of the evidence presented it is our considered conclusion it will be for the best interest of the child here involved to have its legal custody remain with the father and under present arrangements with his mother.

■ III. The burden is on the applicant for modification to prove by a preponderance of evidence the conditions existing subsequent to the decree of divorce have changed to the extent it will be to the best interest of the child or children involved to make expedient the modification sought. York v. York, supra; Shepard v. Gerholdt, 244 Iowa 1343, 1346, 60 N.W.2d 547; Ash v. Ash, supra, and cases cited; Dawson v. Dawson, supra. We hold the plaintiff has not sustained her burden of proof to show there has been a change of circumstances.

■ IV. A decree of divorce will not be modified unless it is apparent the continuing enforcement of it will do a positive wrong in the light of changed conditions. Dawson v. Dawson, supra, and cases cited. The evidence presented does not disclose changed circumstances which would result in a wrong by reason of the continuance of the custody of the child under the arrangements made by the father following the original decree.

938

By reason of the facts disclosed by the record and the application of the cited rules of law we hold the trial court was in error in modifying the decree of divorce. The cause is reversed and remanded for the reinstating of the original decree, with judgment against the plaintiff-applicant for costs. Our holdings heretofore made make it unnecessary to comment on the order for child support as provided for in the decree of modification.—Reversed and remanded.

All JUSTICES concur except SMITH, J., not sitting.