LUCILLE L. SMITH, appellee, v. HAROLD A. SMITH, appellant.

No. 50855.

(Reported in 120 N.W.2d 448)

MARCH 12, 1963.

W. Lawrence Oliver, of Des Moines, for appellant.

Virgil Moore, of Des Moines, for appellee.

THORNTON, J.—This is a proceeding to modify the alimony payments contained in a default divorce decree entered November 27, 1961. The application here was filed in March of 1962, the hearing in the district court was held April 20, 1962. The trial court refused to modify the decree. We agree.

Defendant, husband, in the divorce case is the applicant. He seeks to modify the alimony payments of $90 per month provided in the divorce decree. He alleges a change in circumstances in that plaintiff is now in good health and steadily employed, and that his financial condition has changed in that he has remarried. He also alleges it is not equitable for defendant to be required to continue the alimony payments.

I. We do not have the power to modify a divorce decree merely because it is inequitable. This is a matter for appeal.

Section 598.14, Code of Iowa, 1962, provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

Any modification of a divorce decree must be based on substantial change in conditions. The original decree is conclusive as to the then circumstances of the parties and the power to grant a modification of the decree is not a power to grant a new trial, or to retry the same issues, but only to adapt the decree to the changed conditions of the parties. Bixby v. Bixby, 253 Iowa 1172, 1174, 115 N.W.2d 852, 854; and Jensen v. Jensen, 253 Iowa 1013, 1015, 114 N.W.2d 920, 921.

The remarriage of the husband, coupled with the obligations assumed thereby, does not alone constitute such change in the circumstances of the parties as is contemplated by the statute. Bixby v. Bixby, supra, page 1175 of 253 Iowa, page 854 of 115 N.W.2d, and citations. See also Holesinger v. Holesinger, 252 Iowa 374, 107 N.W.2d 247.

If the inequity of the decree is to be considered at all it must be in connection with some substantial change of circumstances making the decree inequitable. Bixby v. Bixby and Jensen v. Jensen, both supra. And the same is true of remarriage. Holesinger v. Holesinger, supra.

II. The evidence taken in the default divorce hearing as well as that taken at the modification hearing is before us. There is no evidence of plaintiff's employment or earning capacity in the divorce case. The stipulation made a part of the decree was signed September 26, 1961. Defendant, applicant here, took no part in the divorce trial. The evidence on the modification shows plaintiff, wife, did start to work on a temporary basis November 15, 1961, at an hourly rate of $1.60. She states most weeks she works 40 hours, some 32 hours. She states she has tried to obtain permanent employment but has not been successful, that her employment is still temporary, and that she has been laid off several weeks. At the time of the trial of the divorce hearing plaintiff testified to her state of health. She also so testified at the modification. Her condition of health is about the same, she still is under the care of a physician to some degree, she is still nervous. The record also shows that while married to defendant plaintiff was not employed, a matter of 15 years. Prior to then she was a stenographer. She is now having difficulty in regaining her former proficiency and

has taken some night courses. The record does not show the reason she has not obtained regular permanent employment. We do not know whether this is due to plaintiff's health, or her present lack of proficiency, or the availability of permanent employment. Defendant offered no evidence showing steady employment of plaintiff. Not quite five months elapsed between the divorce hearing and the modification hearing. From this record we cannot find any substantial change in plaintiff's health, financial and employment conditions since the date of the divorce decree. Defendant would have us go back to the date of the signing of the stipulation, and because plaintiff complained of her health then and was not employed then, find changed circumstances. No authority is cited for this. The circumstances do not show defendant was in anyway misled. He could have ascertained the fact situation at the divorce hearing if he wished.

The changed circumstances must be not only substantial but such as were not within the knowledge or contemplation of the parties or the court when the original award was decreed. Jensen v. Jensen, 253 Iowa 1013, 1015, 114 N.W.2d 920, 921, and citations. From the record made we cannot say plaintiff's apparent condition of health was such that it was in the contemplation of the parties that she would be unable to work during the foreseeable future at the time the stipulation was signed. This, of course, is true as of the date the original decree was entered. Under the record a substantial change of circumstances is not shown.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.