ANNA WREN, appellant, v. ARTHUR R. WREN, appellee.

## No. 51253.

(Reported in 127 N.W.2d 643)

**APRIL 8, 1964.**

Laird & Laird, of Waverly, for appellant.

Birdsall, Pickett & McLendon, of Waterloo, for appellee.

SNELL, J.—Procedurally, this case in the trial court was a motion to release garnishment. The real issue was the validity of a judgment entered for nonpayment of child support and the right of defendant-appellee to have the judgment vacated or reduced in amount.

Plaintiff-appellant, Anna Wren, and defendant-appellee, Arthur R. Wren, were divorced on September 29, 1955. Plaintiff was given custody of the one child of the parties, Arthur R. Wren, Jr. Defendant was ordered to pay the sum of $40 on the third and seventeenth days of each month for the support of the minor son until said minor "attains the age of 21 years *or* until his marriage *and* his ceasing to reside in the home of the plaintiff." (Emphasis added.) We note the use of the disjunctive "or" to provide alternative terminal situations followed by the conjunctive "and" in the second situation. The decree further provided that defendant should pay all medical, dental and hospital bills for the minor son and should pay for a four-year college education for the son. The record is clear that at all times the parties have been solicitous for the welfare of their son.

In the fall of 1957 plaintiff and Arthur, Jr. were living in the home of a relative in Waverly. Plaintiff was employed in Waterloo. Defendant had remarried and was living in Waterloo. Arthur, Jr. was a junior in Waverly High School. To the disappointment of his parents and against their advice he quit school. Defendant counseled with his son and the high-school principal without avail. Arthur, Jr. got a job and except for a few short periods when he was unemployed has been self-supporting since January 1958.

Defendant made all payments due under the divorce decree up to and including the payment due on December 3, 1957.

The record shows that since December 1957 defendant has helped his son on numerous occasions with gifts of money, clothes and merchandise. No support payments have been made to plaintiff. Except for gifts from his father Arthur, Jr. has been self-supporting and without material financial aid from his mother. Arthur, Jr. handled his own money without control by

his mother. Defendant has urged his son to complete his education and has offered to support him in defendant's own home while doing so.

In November 1958 plaintiff moved to Waterloo. The trial court's finding that Arthur, Jr. continued his residence in Waverly and ceased to reside in the home of the plaintiff was vigorously disputed but is amply supported by the record. Because of our conclusion on another issue we need not review the evidence relative thereto.

Arthur, Jr. was married on July 17, 1960, and since then has lived apart from either plaintiff or defendant. Plaintiff makes no claim for support money subsequent to that date.

On August 1, 1963, plaintiff-appellant filed in the district court a Verification of Amount Due Under Decree and Request for Execution. The payments due and unpaid were computed and medical bills itemized. Judgment was entered, execution issued and garnishment of defendant's accounts and credits perfected.

 I. Under the provisions of the divorce decree termination of defendant's liability for support money was not automatic prior to the son attaining the age of 21 years. The parents knew when Arthur, Jr. would be 21 years old and the terminal date of support liability was certain. Arthur, Jr. did not go to college so we are not concerned with provisions relating thereto. The other condition under which support liability would end was contingent on the happening of uncertain events.

The parties are agreed that when Arthur, Jr. married and admittedly ceased to reside in the home of the plaintiff, liability of defendant for payments to plaintiff ended. There was no liability under the divorce decree thereafter.

Again we note the use of the conjunction "and" in the recital of conditions under which support payments would end. The fact, as found by the trial court, that after May 1958 Arthur Jr. was, as far as plaintiff was concerned, self-supporting, did not automatically terminate liability under the terms of the decree. Neither did the fact that plaintiff lived in Waterloo and Arthur, Jr. in Waverly,

The problem is not the question of parental liability for support nor relief therefrom by emancipation. The problem is one of liability by decree and judgment and the right to relief therefrom.

The facts might have been the basis for an application to modify the decree because of a change in circumstances. However, the decree itself did not cover the situation nor provide relief. There was no relief from liability by operation of law under the decree.

II. Defendant claimed that by agreement with plaintiff he was relieved of making payments to plaintiff subsequent to the time Arthur, Jr. quit school. Where the interests and welfare of the child are not prejudiced divorced parents may contract between themselves as to the support of their minor child. Sorenson v. Sorenson, 254 Iowa 817, 827, 119 N.W.2d 129. Proof of such a contract need not be to absolute certainty. Reasonable certainty is sufficient. See citations in Sorenson v. Sorenson, supra, page 827. Such a contract or agreement must be based on adequate consideration. Erwin v. Erwin, 251 Iowa 1344, 1349, 105 N.W.2d 489. The trial court found that there was no clear showing of consideration or of intent that plaintiff agreed to waive payment. We agree. There was no showing of the basic elements necessary to a contract.

III. Under the provisions of section 598.14, Code of Iowa, a change in circumstances may be the basis for changing the provisions of a child-support decree.

"The changing of a decree is only justified where it is shown that there has been a substantial change of circumstances and is done to adapt the decree to changed conditions of the parties. * * * An original decree is conclusive on the parties regarding then existing circumstances." Prandy v. Prandy, 241 Iowa 1050, 1053, 44 N.W.2d 379, 381.

See also Kuyper v. Kuyper, 244 Iowa 1, 4, 55 N.W.2d 485; Buck v. Buck, 249 Iowa 933, 936, 89 N.W.2d 868; Smith v. Smith, 254 Iowa 1120, 1122, 120 N.W.2d 448; Sorenson v. Sorenson, supra, loc. cit. 824.

IV. The fact that defendant was willing and did actually help his son financially with gifts of money showed a proper

and commendable parental attitude, but it did not relieve defendant of liability for money due plaintiff under the divorce decree. Plaintiff was the creditor (judgment creditor at the time of trial), and was entitled to the child-support award even against a claim of her son. Slack v. Mullenix, 245 Iowa 1180, 1186, 66 N.W.2d 99.

██ V. Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights accrued under the original decree. Delbridge v. Sears, 179 Iowa 526, 530–533, 160 N.W. 218; Kell v. Kell, 179 Iowa 647, 651, 161 N.W. 634. Even where a decree is modified and a change is made the payments that have accrued up to that time cannot thereby be affected. Walters v. Walters, 231 Iowa 1267, 1270, 3 N.W.2d 595; Kell v. Kell, supra; Horn v. Horn, 221 Iowa 190, 197, 265 N.W. 148.

VI. The trial court found that the situation as it developed constituted an emancipation not contemplated by the original decree.

██ We agree that a finding of implied emancipation would be supported by the record. Emancipation would show a change in circumstances. Admitting, arguendo, that it would support a modification we do not agree that such a finding would support retrospective relief to defendant. Here the extent of defendant's liability is based on a decree and judgment. It is not based on common-law or statutory parental liability.

A change in condition not existing at the time of the original decree would support a prospective but not a retrospective modification.

VII. The trial court confirmed the judgment against defendant in the sum of $740.35, plus interest and costs and ordered the release and satisfaction of the excess over that amount. It was ordered that execution issue. To what extent, if at all, collection or payment may have been made we do not know. The case is reversed and remanded with directions to reinstate the original judgment with credit thereon for any payments made subsequent to the trial court's order of September 27, 1962.— Reversed and remanded.

GARFIELD, C. J., and LARSON, THOMPSON, PETERSON, MOORE and STUART, JJ., concur.

THORNTON and HAYS, JJ., dissent.

THORNTON, J.—I dissent. The result reached is manifestly unjust. Child support is just that—child support. When the reason for it ceases, when a child dies or is emancipated, as in this case, the payments should be held not to accrue by operation of law.

I would affirm.

HAYS, J., joins in this dissent.