# IN THE COURT OF APPEALS OF IOWA

No. 24-1978
Filed September 4, 2025

**KENNITH ONSTOT,**
       Petitioner-Appellant,

**vs.**

**ERIN PISKA,**
       Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Patrick D. Smith, Judge.

The petitioner appeals the denial of his request to waive an arrearage related to his obligation to pay medical support.  **AFFIRMED.**

James T. Munro of Munro Law Office, P.C., Des Moines, for appellant.

Ashley Tollakson and Emelia Edwards of Tollakson Law, PLLC, West Des Moines, for appellee Piska.

Brenna Bird, Attorney General, and Justin D. Walker and Gary Otting, Assistant Attorneys General, for appellee HHS.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**GREER, Presiding Judge.**

The interplay between the statutory requirement for cash medical support[1] and a parent's choice to pay for private health insurance can be tricky, as Kennith Onstot has discovered. He contends that he paid health insurance premiums for coverage of his and Erin Piska's child during a time when he was court-ordered to pay cash medical support payments under Iowa Code chapter 252E.1(3).[2] The district court concluded it did not have statutory authority to retroactively waive the cash medical support payments that accrued even though Kennith paid for private health insurance and otherwise would not have been required to maintain cash medical support. Kennith appeals from that decision.

While sympathetic to Kennith's concerns, we agree with the district court that our case law and the statutes that govern the medical support obligation do not allow us to retroactively change his court-ordered obligations.

**I. Background Facts and Proceedings.**

Erin and Kennith are the unmarried parents of one child. On May 3, 2022, Kennith petitioned to establish his parental rights under Iowa Code chapter 600B.

---

[1] "'Medical support' means either the provision of health care coverage or the payment of cash medical support." Iowa Code § 252E.1(11) (2022).

[2] Iowa Code § 252E.1(3) states:

"Cash medical support" means a monetary amount that a parent is ordered to pay to the obligee in lieu of that parent providing health care coverage, which amount is five percent of the gross income of the parent ordered to pay the monetary amount or, if the child support guidelines established pursuant to section 598.21B specifically provide an alternative income-based numeric standard for determining the amount, the amount determined by the standard specified by the child support guidelines. "Cash medical support" is an obligation separate from any monetary amount a parent is ordered to pay for uncovered medical expenses pursuant to the guidelines established pursuant to section 598.21B.

On November 7, the district court approved the parties' stipulation that set out custody, visitation, and various support provisions among other rights and responsibilities. Because medical coverage for the child was provided through a state-managed insurance program (Title 19),[3] part of that approved stipulation required Kennith to pay cash medical support of $281.67 per month. The parties also stipulated: "In the event either party has health insurance coverage available to them through their employer at a reasonable cost, they shall be required to obtain said coverage for the child." The stipulation did not contain any statement that if private health insurance was provided the cash medical support payment would automatically end.

To stop the cash medical support obligation, on April 4, 2024, Kennith moved to modify the medical support order and indicated that "[w]ithin 1–3 months following the entry of the Decree, [Kennith] had medical insurance made available to him through his employment and at that time, enrolled himself and the minor child on his insurance." Later in the proceedings, Kennith asserted that he obtained private health insurance on October 10, 2022, so he should not have been required to make any payments towards the cash medical support obligation or the arrearage that he now owed HHS. HHS terminated that obligation in April 2024—after it learned that Kennith had private health insurance for his child.

---

[3] The Medicaid program is sometimes referred to as the Title 19 (or XIX) program. *Cf. TLC Home Health Care, L.L.C. v. Iowa Dep't of Hum. Servs.*, 638 N.W.2d 708, 711–12 (Iowa 2002) ("The Medicaid program was established by Congress as part of Title XIX of the Social Security Act."). Medicaid is an assistance program that pays for certain medical and health care costs for people who qualify. Iowa's Medicaid program is funded by the federal and state government and is managed by the Iowa Department of Health and Human Services (HHS). *Overview of Medicaid*, People's Law Library, https://perma.cc/5SPB-9JWR.

And as a further measure to avoid these payments, Erin and Kennith entered into a stipulation on August 7, 2024, to remove the cash medical support obligation, agreeing that Kennith was paying for private health insurance coverage for the child at the same time. Because Kennith had not paid all the cash medical support payments to HHS, there remained an arrearage that had accumulated between 2022 and 2024.

After the August 2024 stipulation was filed, Kennith asked the court waive the "outstanding cash medical balance." Erin did not resist the motion, but HHS did,[4] pointing to Iowa Code section 252E.11, which provides that "[i]f medical assistance is provided by the department to a dependent pursuant to chapter 249A, rights to medical support payments are assigned to the department." And although Erin and Kennith both maintain they did not understand that the cash medical support payments were accruing every month even when Kennith had private insurance coverage for their child, HHS argued that Erin could not waive the medical support obligation.

The district court denied Kennith's motion to waive the outstanding cash medical balance, concluding, "There is no statutory authority permitting the waiver of a cash medical balance in these circumstances." Kennith appeals.

## II. Standard of Review.

"Generally, in paternity actions, we review issues ancillary to the question of paternity, such as support, de novo." *Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005) (cleaned up). So, we examine the entire record and decide anew the

---

[4] Both in the district court proceedings and here on appeal, HHS is represented by the office of Iowa's Attorney General.

legal and factual issues properly presented and preserved for our review. *In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005).

**III. Discussion.**

Kennith first argues that cash medical support cannot be awarded when a parent has private medical insurance. He draws our attention to one of our unpublished cases: *Seward v. Hane.* No. 16-1686, 2017 WL 6516672, at *5 (Iowa Ct. App. Dec. 20, 2017) (rejecting an order for cash medical support that was in lieu of a health insurance plan that the court knew was available). But *Seward* is distinguishable. Unlike here, in that case, the parent alerted the district court to the private health insurance. *See id.* And the issue on appeal was that the custodial parent had agreed to pay for health insurance at a cost that was greater than what the child support guidelines required, yet the district court still ordered the non-custodial parent to pay the cash medical support. *Id.* at *5–6. Here, the district court was not apprised of any existing private health insurance being provided by Kennith. And Kennith's argument ignores the 2022 stipulation—that he signed and the court approved—requiring him to pay a cash medical support payment. In 2024, the district court could not turn back time and change its approval of that earlier court-ordered obligation.

Second, Kennith argues that the district court incorrectly believed it had no authority to retroactively waive or cancel the cash medical support obligation. In response, HHS argues there is case authority that restrains courts from retroactively changing support orders. Kennith again points to *Seward* to support his argument, but we have distinguished that case and it does not apply to this second argument either. He also points to *In re Marriage of Kakavandi* as an

additional authority. No. 09-1482, 2010 WL 3894236, at *6 (Iowa Ct. App. Oct. 6, 2010). Again, this case is different than what we are considering here. *Kakavandi* dealt with a dissolution modification action that required the payor parent to pay cash medical support after the children were no longer covered by a private health insurance plan because he quit his employment. *Id.* at *1–2. The district court made the obligation for cash medical support retroactive to April 2009. *Id.* at *3. But because the children were covered by medical insurance through the end of June 2009, on appeal, a panel of our court modified the start date to when the insurance ended. *Id.* at *6. Here, we are not addressing a request to correct a cash medical support order originally challenged on appeal.

Instead, we find HHS's argument more compelling. It argues:

"The retroactive forgiveness of child support liability that [the appellant] proposes would fly in the face of our long-standing rule that a court has no authority to divest the parties of rights accrued under the original decree." *Newman v. Newman,* 451 N.W.2d 843, 845 (Iowa 1990). "Modification of a decree for support payments operates prospectively and not retrospectively." *Wren v. Wren,* 127 N.W.2d 643, 646 (Iowa 1964). "Even where a decree is modified and a change is made the payments that have accrued up to that time cannot thereby be affected." *Id.*

The district court concluded it had no authority to retroactively satisfy or waive Kennith's support obligations as established in the 2022 court order. *See In re Marriage of Stanley*, 411 N.W.2d 698, 701 (Iowa Ct. App. 1987) (noting that when payments for support are ordered, modification of those payments operates prospectively and not retrospectively). Based on this reasoning, we agree; the district court had no authority to cancel, waive, or otherwise reimburse Kennith for his ongoing medical support obligation that had accrued but not been paid.

We affirm the district court decision.

**AFFIRMED.**