FANNIE KINNEY, Appellee, v. BURT KINNEY, Appellant.

**Divorce:** ALIMONY: SUBSEQUENT MODIFICATION OF DECREE. To justify
1  the modification of a decree of divorce by granting additional alimony a material change in the circumstances of the parties, financial or otherwise, making it equitable that other and different terms should be imposed, must be shown.
   In this action by a divorced wife for alimony additional to that allowed in the original decree, which was according to the agreement of the parties at that time, the evidence is reviewed and held insufficient to show such changed conditions as to authorize the court to make an additional allowance.

**Same.** Although a decree of divorce awarding to the wife the care
2  of minor children and allowing alimony does not absolve the husband from his duty to support the children; still, though the decree does not expressly provide that any part of the allowance was in behalf of the children, it will be presumed that the amount was fixed with reference to the assumed obligation of the wife to care for them.

*Appeal from Guthrie District Court.*—HON. EDMUND NICHOLS, Judge.

SATURDAY, FEBRUARY 11, 1911.

THE opinion states the material facts. *Reversed.*

*Sayles & Taylor,* for appellant.

*Weeks & Hughes,* for appellee.

WEAVER, J.—The parties hereto, formerly husband and wife, were divorced at the suit of the latter by a decree entered October 12, 1908. By the terms of the decree the plaintiff was awarded alimony in the sum of $1,400 and the custody of three minor children, one son and two daughters, while the defendant retained custody of a minor son. A little less than eleven months from the date of the divorce, plaintiff caused the case to be redocketed upon her application for a modification of the decree by the allowance of an increase of alimony for the support and maintenance of the three children which had been awarded to her care. In support of this demand, she states that the allowance originally made is insufficient for the support of said children, and that she has no means of her own with which to furnish said support. She further alleges that the youngest child, a girl of six years, is afflicted with a disease of the spine, requiring much labor and attention for her proper care, and that to provide such care for the invalid child and the proper support of all said minor children she ought, in justice, to be allowed $10 per week, and she asks that defendant be adjudged to pay her that sum during their minority. The defendant admits the divorce and the payment by him of alimony to the extent of $1,400, and alleges that in addition thereto plaintiff received a horse and cow and other goods and chattels of material value. He further admits the sickness of the youngest child, but says the other children are to a material degree self-supporting, and expresses his willingness to take the invalid daughter into his own keeping and support her at his own home. He further alleges that he

is financially unable to pay any additional alimony, and
that the conditions existing at the date of divorce have not
so changed as to entitle plaintiff to any modification of
the decree in this respect.  After hearing the evidence, the
trial court modified the decree by ordering and adjudging
that defendant pay to the clerk the sum of $100 to be
expended in providing medical treatment for the sick child,
and that he pay for the use of plaintiff the sum of $12 per
month for the support and maintenance of said child until
she arrives at the age of sixteen years.  From this judg-
ment the defendant appeals.

The evidence tends to show that, of the $1,400 ali-
mony paid to her, plaintiff has expended about $1,000 in
the purchase of a home; that she has no independent source
of income except her own labor, and that
the sick child requires much of her time
and attention.  The oldest of the three chil-
dren is at work for wages, and the other is
a girl of twelve or thirteen years, in good health.  The
defendant was, at one time, the proprietor of a livery stable,
but at the date of this judgment was the tenant of a
rented farm on which he had personal property of an as-
sessed value of $1,088.  So far as appears from the evi-
dence, there had been no material change in his financial
condition after the divorce and prior to the hearing on
this application in the court below.  Nor is there any show-
ing of material change in the circumstances and conditions
of the plaintiff and her children.  She says the invalid
daughter remains in about the same state of physical health.
The allowance of alimony in the decree of divorce was
based upon the stipulation and agreement of the parties.
Concerning this matter plaintiff says she thought at the
time she ought to have more, but $1,400 was all defendant
would consent to give her, and she accepted it rather than
to have "any fussing over it."  Whether the alimony grant-
ed with the divorce was as great as it should have been is

1. DIVORCE:
alimony:
subsequent
modification
of decree.

a question we can not now consider. That decree was in this respect made upon the agreement of the parties, and no appeal was taken therefrom by either of them. To justify the court in modifying the decree by subsequent judgment or order, it is the established law of this state that some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other and different terms should be imposed. Code, section 3180; *Blythe v. Blythe,* 25 Iowa, 266; *Wilde v. Wilde,* 36 Iowa, 319; *White v. White,* 75 Iowa, 218; *Ferguson v. Ferguson,* 111 Iowa, 158; *Crockett v. Crockett,* 132 Iowa, 388.

While the condition of this plaintiff with a helpless invalid child appeals to the heart of every person possessing ordinary human sensibilities and ought to bring ready and sympathetic aid from the child's father without compulsion by legal process, the authority of the court is neither great enough nor flexible enough to compel the performance of every moral and human obligation. There is in this record absence of any showing of material change or alteration in the circumstances of the parties as respects either the financial ability of the defendant, or the needs of the plaintiff and her children, and without such evidence we can not interfere with the decree unless we are ready to overturn the precedents above cited. This we are persuaded ought not to be done. The rights and obligations of the divorced parties ought all to be settled in the original decree, leaving nothing whatever to future quarrel or litigation save only such as arise from changed conditions which reasonably and equitably call for readjustment of this settlement. Counsel for appellee say, in effect, that, conceding such to be the law, yet the allowance made in the original decree was to the wife in her own right, and not for the use and benefit of the children, and that the substance of this application is for a judgment enforcing upon the defendant his parental and legal obligation to

support his children—an obligation from which the decree of divorce in no manner relieved him.

It is true the decree did not absolve the defendant from his duty to his children, and performance of that duty may doubtless be enforced by the ordinary and usual reme-

**2. SAME.** dies employed in such cases whenever their necessities are such as to reasonably require it. But plaintiff is in court demanding an allowance to herself out of her former husband's property which she proposes to use in the support and maintenance of these children. If such relief was reasonably required and defendant was able to provide it, the decree of divorce should have granted it. It was not done, and, plaintiff having accepted the measure of relief there given, the mere fact that she ought to have had more than she received (without showing of material change of conditions) is not a ground for a modification of the decree or for increase of the allowance. The case is not unlike those this court had to consider in *Reid v. Reid,* 74 Iowa, 681, and *White v. White,* 75 Iowa, 218, and our conclusion is in harmony with these authorities.

It may also be said that while the decree of divorce did not, in express words, say that the allowance of alimony included anything for the benefit of the children, it did provide that plaintiff should assume their care and custody, and we think that the alimony which was granted in that same connection will be presumed to have been fixed with reference to the obligation which plaintiff thus assumed, and that the amount so paid and accepted was agreed to as the defendant's equitable contribution to the support of his children as well as of plaintiff's share of his estate.

This conclusion renders necessary a reversal of the order modifying the decree. It will be borne in mind, however, that such reversal is without prejudice to the right of the plaintiff to renew her application whenever there is

such change in circumstances and conditions of the parties as to reasonably require a modification of the decree with respect to alimony or the custody, care, and support of the children. *Reversed.*