ELMER KEYSER, Appellee, v. PAULINE KEYSER, Appellant.

DIVORCE: Alimony—Subsequent Modification. An award of alimony in a final decree of divorce is not to be regarded as a variable sum, to be adjusted either upward or downward with each fluctuating change in the condition of the parties. *Held* that a reduction of $20 per month in the wages of a party obligated to pay monthly alimony was not such substantial change in the conditions of the parties as would justify a modification of the decree relative to alimony.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

FEBRUARY 14, 1922.

APPEAL from an application modifying a decree of alimony.—*Reversed.*

*Naglestad & Pizey,* for appellant.

No appearance for appellee.

FAVILLE, J.—On March 11, 1921, the appellant obtained a decree of divorce from the appellee, and was awarded the custody of the four minor children of said parties. By said decree it was ordered that the appellee pay to the appellant the sum

of $75 per month, for the support of said minor children. The award as to alimony was made in pursuance of a stipulation between the parties, which was approved by the court and entered in the decree. On September 9, 1921, the appellee presented his application for a modification of the said award of alimony, and prayed a reduction of the same, and, on hearing, the court reduced said award from $75 per month to $60 per month. The defendant appeals, claiming that said reduction was erroneous. We are required to review the case *de novo.*

Code Section 3180 provides as follows:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient."

The application in the instant case is made under this section, the claim being that the circumstances disclosed at the time of the trial render a change in the amount of alimony expedient. While the statute contemplates that changes may be made in an award of alimony after a final decree has been entered, it is only when there has been a substantial change in the conditions of the parties that a modification should be made. An award of alimony entered in a final decree is not to be regarded as a variable sum, to be adjusted either upward or downward with each fluctuating change in the conditions of the respective parties. Such a decree is entered at the time, with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. At the time such an award is made in a final decree, the court should take into consideration all of the facts and circumstances surrounding the parties at the time, and also the reasonable prospects regarding their future condition, and make such an award as will fairly and reasonably be right and proper, under all of the circumstances. When this is done, such decree is conclusive, and should not be disturbed, unless it is made to appear that the enforcement of the decree will be attended by positive wrong or injustice, under changed conditions. This is the well established and recognized rule of this court. In *Crockett v. Crockett,* 132 Iowa 388, we said:

"And in the light of the statute, and giving construction

thereto, we have held repeatedly that a decree fixing custody or awarding alimony, etc., is conclusive, unless it shall be made to appear, that, by reason of some change of circumstances or condition not known to or within the contemplation of the court, an enforcement of its decree will be attended by positive wrong or injustice. *Blythc v. Blythe,* 25 Iowa 266; *Wilde v. Wilde,* 36 Iowa 319; *White v. White,* 75 Iowa 218; *Reid v. Reid,* 74 Iowa 685; *Ferguson v. Ferguson,* 111 Iowa 158.''

In *Kinney v. Kinney,* 150 Iowa 225, we said:

''To justify the court in modifying the decree by subsequent judgment or order, it is the established law of this state that some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other and different terms should be imposed.''

The evidence in the case discloses that, at the time of the entry of the decree of divorce, and at the time of this application, the appellee was employed by the Sioux City Service Company. The testimony in regard to his earnings and his average expenses is somewhat in conflict; but it appears from the evidence that, at the time of the entry of the original decree, he was earning approximately $180 per month, and at the time of the entry of the order of modification, he was earning approximately $160 per month. The decree of divorce awarded the custody of the four minor children to the appellant, and decreed an award of $75 per month alimony for the support of said children. The ages of said children do not appear in the record, but we gather therefrom that they are of tender years, and have no earning capacity. The appellant, since the entry of said decree, is earning a small amount of money per week by keeping a boarder.

Thirteen days after the entry of the decree the appellee remarried. It is the appellee's contention that he cannot support himself and pay his reasonable expenses if he is compelled to pay $75 alimony per month, and have only $85 per month for his own use. We are of the opinion that the decrease in the earnings of the appellee, six months after the entry of the decree, was not such a substantial change in the situation of the parties as can be said not to have been within the contemplation of the court at the time the decree was entered, or such as would

cause said original decree to work a positive injustice or wrong. It may be that to pay the original award of alimony will require rigid economy and some self-denial on the part of the appellee, and it is doubtless equally true that for the appellant to provide all of the necessities for four minor children out of an income of $75 per month will also call for the exercise of care and economy on her part.

We think the lower court was in error in entering a modification of this decree, upon the showing made. The application for modification of the original decree should be denied, and the action of the lower court is, therefore,—*Reversed*.

Stevens, C. J., Evans and Arthur, JJ., concur.