HELEN MARGARET SMITH, Appellee, v. LESLIE WALTER SMITH, Appellant.

No. 47246.

(Reported in 32 N. W. 2d 662)

JUNE 15, 1948.

Irving D. Long, of Manchester, for appellant.

Thomas H. Tracey, of Manchester, for appellee.

GARFIELD, J.—On March 19, 1946, plaintiff, Helen Smith, was granted a divorce from defendant, Leslie Smith. The decree

awarded her the custody of the two children (then seven and three), the household goods and child support of $30 per month until the younger child reaches majority. On July 21, 1947, pursuant to section 598.14, Code, 1946, plaintiff filed application for increased allowance for child support and for other relief, based largely on the inheritance by defendant on January 4, 1947, of about $3,000.

On October 21, 1947, following a hearing upon the application, the monthly payments were increased from $30 to $40 and defendant was required to pay the clerk of the court on January 2, 1948, $500 for the support and education of the minor children, to be disbursed for the use of the minors only upon order of court after proper application. From such order of increase defendant has appealed.

We have frequently held a divorce decree is conclusive as to the circumstances then existing and a later modification will be made only where there is some subsequent material change of conditions. A substantial change in the divorced husband's ability to pay alimony or child support may be sufficient basis for modification of the decree in these respects. Courts are somewhat reluctant to change provisions relating to alimony for the wife but will not hesitate upon proper showing to modify provisions for the care, maintenance and education of children. In support of these propositions see Hart v. Hart, 239 Iowa 142, 145, 146, 30 N. W. 2d 748, 749, 750, and citations. See, also, Handsaker v. Handsaker, 223 Iowa 462, 272 N. W. 609. Only payments for child support are here involved.

Defendant asserts in written argument the only question presented to us is whether his inheritance of about $3,000 is such a change of circumstances as warrants the changes made in the decree. In oral argument defendant abandoned his objection to the order below except in so far as it increases the monthly payments to $40. We think defendant's acquisition of about $3,000 under the circumstances shown is such a change in conditions as warrants the increase in monthly payments.

It is admitted that at the time of the divorce defendant had no property except the household goods awarded plaintiff and his ordinary wearing apparel and personal effects. He has been

earning $75 a month as a truck driver although it is admitted he could earn much larger pay in such work. Defendant paid nothing for child support subsequent to the installment due on June 1, 1946, until after the application for modification was filed. On October 24, 1946, defendant was confined to jail for thirty days for contempt in wilfully failing to make such payments.

Plaintiff has no property except the household goods. She does housework and earns about $10 a week. She is in no better position to support the children than when she was divorced.

The acquisition of $3,000 by this defendant is a very substantial change in circumstances. It greatly increased his ability to support his children. So far as appears, this change was not reasonably contemplated when the decree was entered.

Paul v. Paul, 217 Iowa 977, 982, 252 N. W. 114, 116, quotes with approval from Roberts v. Roberts, 135 Minn. 397, 402, 161 N. W. 148, 150, L. R. A. 1917C, 1140:

"When the husband acquires property after the decree, so that there is a material change in his financial condition, there is no doubt of the right to revise the decree by increasing the amount * * *."

It should be stated that in March 1947 defendant made a gift to his mother of his inheritance. He admits he received nothing therefor. The trial court found the assignment was not in good faith but was for the purpose of evading payment of the support money provided for in the decree. The lump-sum award of $500 for the use of the minors was made a lien upon defendant's inheritance. Since no attack is here made upon this portion of the order below, of course we have no occasion to consider the propriety thereof. The appeal is presented, and we have a right to consider it as if the assignment from defendant to his mother had not been made.—Affirmed.

All JUSTICES concur.