Thelma Prandy, appellant, v. Dallas Prandy, appellee.

No. 47704.

(Reported in 44 N.W.2d 379)

October 17, 1950.

E. C. Halbach, of Clinton, for appellant.

John W. Carlsen and Walter W. Eggers, both of Clinton, for appellee.

WENNERSTRUM, J.—This appeal has developed by reason of an application made by defendant to modify a divorce decree obtained by plaintiff on April 26, 1949. The trial court, after hearing, modified the original decree as hereafter set forth. The plaintiff has appealed.

In the divorce proceeding there was filed a stipulation between the parties wherein it was, in part, agreed that the appellee was to pay to the appellant the sum of $20 each week, commencing with April 25, 1949, for the support of two minor children. These payments were to continue until either child attained the age of eighteen years, completed her education, or married. It further provided that one half of the total support money for the two children shall be the amount for each child. The provisions of the stipulation were incorporated into the decree.

The application for modification of the decree was filed October 20, 1949. It was therein alleged that the wife had removed from the city of Clinton, the place of residence of appellant at the time of the divorce, and that the two minor girls, children of the parties, were living with the mother several miles distant from that city. It was claimed that by reason of the change of residence it was difficult for the appellee to visit the children and further alleged that the grandparents, mother and father of the appellant, with whom the children and their mother lived for a time, had, on occasions, refused to permit the appellee to take the children from their residence. It is further asserted in the application that the appellant had married a Gerald Potter since her divorce and that she and her present husband are living a considerable distance from Clinton. It was claimed that it was a hardship for appellee to travel the distance required to visit the minor children and to have them as provided in the original decree.

On November 28, 1949, the appellee filed an amended and substituted application to modify the divorce decree. In this

substituted petition most of the allegations of the original application are repleaded, and it is further alleged that since the entry of the original decree his weekly earning capacity had been reduced by $18 per week, which decrease of earning power became effective on November 12, 1949. It is further pleaded by the appellee, the petitioner, that there has been such material change of circumstances since the original decree to warrant a modification in the amount of payments to be made for the children's support. He asks that the payments be reduced to $10 per week for both children. It is further asked that the original provisions pertaining to visitation be changed.

Although it is not a matter which has any particular bearing upon the question of any change of circumstances, yet a great deal of the testimony presented is relative to conditions that have developed subsequent to the decree. It is shown by the evidence, and pleaded, that the appellant is now married to Gerald Potter. It is also disclosed that the appellee, although he has not remarried, is now engaged to Mildred Potter, the former wife of Gerald Potter. It is shown that in the divorce decree obtained by Mildred Potter she was granted each month $40 alimony and $40 support money for the two children born to her and her former husband. Apparently there was some effort made on the part of Mildred Potter to obtain an adjustment of the amounts due the respective parties and a reduction of the amounts payable by the two husbands, but this did not materialize. These negotiations and the facts pertaining to them are particularly emphasized in the evidence and in the argument, but it is our conclusion that they do not materially bear upon the question whether there has been a change of circumstances.

It is shown by the testimony of the appellee and his employer that the appellee is employed by a bakery and that his base pay is $1.00 per hour. Prior to November 1949 he had been obtaining fifteen to twenty hours of overtime, with time and a half pay after forty hours. This overtime was reduced in November 1949 and had resulted in his pay being reduced on a weekly basis to between $20.50 to $24. It thus appears that subsequent to November 1949 very little, if any, overtime payment has been obtained by the appellee. The testimony relative to overtime payments relates to the week of July 2, 1949, when it is shown

that during that week the appellee received $63.74 after payment of withholding tax and his social security payment. There is no definite testimony regarding the amount of pay received by the appellee at the time of the divorce decree. His testimony, pertaining to the period prior to the week of July 2, 1949, is as follows: "* * * have worked there better than three years and get $1.00 per hour. I start out with forty hours and get overtime, getting approximately 15 or 20 hours; after 40 hours it is time and a half. The overtime was reduced at the plant in November, 1949."

The appellee further showed that at the time of the hearing he was living with his sister, that the cost for his room, board and laundry was $20 per week and that, in addition to this expense, he had the cost of bus fare. It is his further testimony that the cost of his lunches was between fifty cents and one dollar per day. It is also shown that he has $250 borrowed on his automobile. This indebtedness was incurred in connection with the payment of attorney fees and outstanding bills at the time of the divorce. It is of interest to note that the appellee has found it possible to purchase for his fianceé an engagement ring at a cost of $100. It is also shown that the appellee is receiving from the Government the sum of $27 per month.

I. Statutory provision has been made for modification of a divorce decree when a change of circumstances renders it expedient, section 598.14, 1950 Code; Franklin v. Bonner, 201 Iowa 516, 207 N.W. 778. The changing of a decree is only justified where it is shown that there has been a substantial change of circumstances and is done to adapt the decree to changed conditions of the parties. Metzger v. Metzger, 224 Iowa 546, 278 N.W. 187; Barish v. Barish, 190 Iowa 493, 180 N.W. 724; Hart v. Hart, 239 Iowa 142, 30 N.W.2d 748; Smith v. Smith, 239 Iowa 896, 32 N.W.2d 662.

II. A court hearing an application for modification of a divorce decree has large discretion in making its decision relative to a contemplated change where there is sufficient and legal showing to justify a modification, Newburn v. Newburn, 210 Iowa 639, 641, 231 N.W. 389; Barish v. Barish, supra; Apfel v. Apfel, 238 Iowa 274, 277, 27 N.W.2d 31. An original decree is conclusive on the parties regarding then existing circumstances.

Newburn v. Newburn, supra; Stone v. Stone, 212 Iowa 1344, 1346, 235 N.W. 492. A decree will not be modified unless the enforcement of it will be attended by positive wrong or injustice as the result of the changed conditions. Keyser v. Keyser, 193 Iowa 16, 17, 186 N.W. 438.

III. The facts in each particular case must be considered in determining whether a modification of a decree should be granted, Apfel v. Apfel, supra. With the change in economic conditions, comparison of the amount of payment approved in our prior holdings is not of much assistance in determining what is proper in the instant case. However, we have held that a substantial change in divorced husband's ability to pay alimony or support money for children may be the basis for a modification of a decree. Hart v. Hart, supra; Smith v. Smith, supra; Paul v. Paul, 217 Iowa 977, 252 N.W. 114.

IV. It is the contention of the appellant that there is no showing in the evidence presented in the proceeding before us for review relative to the earnings of the appellee at the time of the original decree. The evidence, if any, is vague on this point. There is a showing of his earnings during the week of July 2, 1949. We believe appellee's testimony can be construed to apply to the period prior to that mentioned in his testimony as he commented upon the fact that the extent of his overtime payment varied. There is no question that the amount of his wages was reduced materially during November 1949 and had so continued during the period between then and the time of the hearing. Under all the circumstances, we have concluded that the trial court was justified in reducing the payments for the children's support to $60 per month. We are not concerned whether the appellee and his fiancee find it possible to marry and to establish a new home. Our concern is the payment of support money for the children within the father's ability to do so.— Affirmed.

All JUSTICES concur.