WINIFRED J. PEARSON, appellee, v. LESLIE D. PEARSON, appellant.

No. 48874.

(Reported in 74 N.W.2d 224)

JANUARY 10, 1956.

Holleran & Holleran, of Clinton, for appellant.

Edward L. Daley, of Clinton, for appellee.

GARFIELD, J.—The question to be decided is whether a divorce decree should be modified by terminating support payments by the husband for two children now 18 and alleged to be self-supporting.

Defendant-husband's application for modification of the decree, submitted on stipulated facts to the same judge who granted the divorce, was denied. Defendant has appealed. We affirm the decision.

Plaintiff Winifred J. Pearson was granted a divorce from defendant Leslie D. Pearson September 9, 1953, on the ground commonly called cruel and inhuman treatment. The statute, however, defines the ground as "such inhuman treatment as to endanger the life of his wife." Section 598.8(5), Code, 1954. Plaintiff was awarded custody of the five children then minors. Two others had attained majority. The decree requires defendant to pay $40 per month for the support of each child until he or she marries or becomes 21 and to pay plaintiff $50 monthly until the youngest child becomes 21 and $60 per month thereafter, until plaintiff remarries. She has never remarried. Plaintiff was also awarded the family home in Clinton and the furniture

therein. Defendant was ordered not to change the beneficiary or obtain any benefit from life insurance policies in the total amount of $2195.

These terms of the divorce decree regarding custody, alimony and support money exactly correspond with a written stipulation previously signed by the parties.

Defendant's application for modification of the decree, filed July 7, 1955, alleges Patrick and Patricia, twins, have graduated from high school, are now past 18 years old, employed, self-supporting, and support payments by defendant for them are unnecessary. He asks that he be relieved from making such payments.

The application also alleges Robert, another of the five children awarded plaintiff, was married in September 1954, and defendant should therefore be relieved from making payments for his support. It appears defendant has made no payments for Robert since his marriage and it is conceded such event terminated defendant's liability under the decree for payments for him. The judgment now appealed from so provides.

The application was heard July 28, 1955, on stipulated facts. It was agreed the twins have graduated from high school, are now more than 18 and employed. Patrick's average gross earnings (not "take home pay") are $37.95 and Patricia's $51.34, per week. Patricia had been employed since March 1955 at the time of the hearing, but on a temporary basis until January 1, 1956. She plans to go to college for teachers' training if she can and would like to save her money for that purpose.

It was also agreed plaintiff has been employed at a grocery store and her earnings for January through March totaled $111.25. She is capable of being employed but was not on July 28. Defendant has made all payments required by the decree until the hearing and is in debt about $1500.

Upon submission of this appeal counsel for both sides advised us Patrick entered the armed forces October 24, 1955, and plaintiff makes no contention defendant should make payments for his support after that date. Thus the controversy has been reduced to whether the decree should be modified by terminating support payments for Patricia.

We mention the principal rules of law here applicable. As we have frequently pointed out, section 598.14, Code, 1954, authorizes the court in which a divorce has been granted to make subsequent changes, "when circumstances render them expedient", in the terms of the decree in relation to the children, property, parties and maintenance of the parties.

We have held a great many times that provisions of a divorce decree regarding support payments are final as to the circumstances then existing. Such provisions will be modified only when there has been a subsequent material and substantial change in circumstances sufficient to warrant the modification. See Shepard v. Gerholdt, 244 Iowa 1343, 1346, 60 N.W.2d 547, 549; Prandy v. Prandy, 241 Iowa 1050, 1053, 44 N.W.2d 379, 381; Smith v. Smith, 239 Iowa 896, 32 N.W.2d 662; Hart v. Hart, 239 Iowa 142, 145, 30 N.W.2d 748, 749, and citations; 2 Nelson, Divorce and Annulment, Second Ed., section 17.07, pages 427, 428.

The burden rests on the applicant for modification to show such a change of circumstances by a preponderance of the evidence. Shepard v. Gerholdt, supra; Paintin v. Paintin, 241 Iowa 411, 416, 41 N.W.2d 27, 30, 16 A. L. R.2d 659, 663, and citations; 2 Nelson, Divorce and Annulment, Second Ed., section 17.08; 27 C. J. S., Divorce, section 322c, page 1249.

Of course not every change of circumstances is sufficient basis for modification of a divorce decree. We have said several times a decree will not be modified unless its enforcement will be attended by positive wrong or injustice as the result of the changed conditions. Keyser v. Keyser, 193 Iowa 16, 186 N.W. 438, and citations; Apfel v. Apfel, 238 Iowa 274, 277, 27 N.W.2d 31, 33, 34; Prandy v. Prandy, supra, 241 Iowa 1050, 1054, 44 N.W.2d 379, 381.

The changed circumstances relied upon must be such as were not within the knowledge or contemplation of the court when the decree was entered. Keyser v. Keyser, supra, and citations; Newburn v. Newburn, 210 Iowa 639, 641, 642, 231 N.W. 389; Apfel v. Apfel, supra. See also Annotation 18 A. L. R.2d 10, 21.

Modification of a decree should be based upon a change

of circumstances more or less permanent or continuous, not merely upon transitory, variable or temporary conditions. Apfel v. Apfel, supra, 238 Iowa 274, 279, 27 N.W.2d 31, 34. The annotation in 18 A. L. R.2d 10, 21, says, "* * * a modification may be denied where, although it appears that there has been a change in circumstances, it is not clearly shown that the change will be permanent."

In a matter of this kind the trial court has a good deal of discretion and, although our review is de novo, we usually do not interfere with such an order unless a clear abuse of discretion appears. See Kuyper v. Kuyper, 244 Iowa 1, 4, 55 N.W.2d 485, 486; Prandy v. Prandy, supra, 241 Iowa 1050, 1053, 44 N.W.2d 379, 381, and citations; Lyons v. Lyons, 240 Iowa 698, 699, 37 N.W.2d 309, 310. See also Annotation 18 A. L. R.2d 10, 23; 2 Nelson, Divorce and Annulment, sections 17.09, 17.36; 27 C. J. S., Divorce, section 324i(4)(5), pages 1262 to 1264.

It is doubtless true that the fact a child, subsequent to the divorce, obtains employment and earns his own living is an important consideration in determining whether maintenance provisions of the decree should be modified. See Annotation 18 A. L. R.2d 10, 82. However we are not prepared to hold such fact necessarily entitles the divorced husband to a modification.

We think proper application of the foregoing rules to the facts here justifies denial of relief. It can hardly be said that payment of support money for Patricia until she marries or becomes 21 will be positively wrong or unjust because of the matters now relied upon. Nor can it be said the court, at the time the divorce was granted, did not contemplate Patricia would probably graduate from high school and become 18 in less than two years and secure at least temporary employment from which she could support herself for a time.

Perhaps the most persuasive single fact in support of the judgment is that Patricia's employment was only temporary. Under the stipulated facts it is already terminated. Thus the principal ground upon which a modification is asked was not a permanent change of circumstances but was a fact which no longer exists.

The trial court should be allowed at least some discretion in deciding this matter. No abuse of discretion appears.

As previously stated, the part of the divorce decree sought to be modified exactly corresponds with a stipulation previously signed by the parties. Under our decisions this fact does not prevent modification of the decree if a material and substantial change of circumstances were shown. It is the decree, not the stipulation, that controls. The stipulation was merged in the decree. See Brin v. Brin, 240 Iowa 659, 664, 37 N.W.2d 261, 264, and citations; Annotation 166 A. L. R. 675; 2 Nelson, Divorce and Annulment, section 17.03, page 410; 27 C. J. S., Divorce, section 322a, pages 1237, 1238. See also 17 Am. Jur., Divorce and Separation, section 649; Schouler Divorce Manual, section 346(d).

Nevertheless we think it is proper to observe that defendant's application to modify the decree seems to indicate a change of front on his part. As stated, the stipulation and decree require him to make support payments for each child until he or she marries or becomes 21. Defendant apparently wanted plaintiff to divorce him, perhaps so he would be free to marry another, and willingly agreed to such terms to facilitate the divorce. In any event, so we are told, he did marry another soon afterwards. His attempt, after having been divorced, to repudiate part of his agreement, does not strongly appeal to a court of equity.

One other matter should be mentioned. Defendant offered to show he had gone into debt about $1500. At least part of this was because of his payment of support money although it was evidently partly due to an accident with his car, and doubtless, in large part, to his having assumed the burdens of supporting another wife and other children. Plaintiff objected to the above offer as outside the allegations of the application. In deciding the case the trial court upheld the objection. Defendant complains of the ruling. We are not persuaded it was erroneous.

The offered evidence was not relevant or material to any allegation of the application. Defendant's pleading does not indicate he sought a modification because of any unfavorable change in his financial condition. Indeed he did not attempt any comparison of his financial circumstances at the time of the hearing with those at the time of the divorce.

Although an application to modify a divorce decree may perhaps be somewhat informal and lack strict compliance with the rules of pleading, we have held it should set "out the facts on which the claim for relief is demanded, thus informing the defendant of the allegations he has to meet and enabling him to take issue thereon." Schlarb v. Schlarb, 168 Iowa 364, 371, 372, 150 N.W. 593, 596; Paintin v. Paintin, supra, 241 Iowa 411, 413, 414, 41 N.W.2d 27, 28, 29, 16 A. L. R.2d 659, 662 ("She had a right to assume the decree would not be altered upon an issue not presented.").

27 C. J. S., Divorce, section 317c(4), page 1194, says, "The petitioner must * * *, with definiteness and certainty, allege such facts and circumstances as will, if established by proof, entitle him to the relief desired, * * *."

We may add that even if the offered proof as to defendant's indebtedness were considered it would not change the result herein reached.—Affirmed.

All JUSTICES concur.