MARY L. GESMACHER, appellee, v. GODFREY J. GESMACHER, appellant.

No. 48855.

(Reported in 76 N.W.2d 790)

MAY 9, 1956.

Robert M. Fassler and W. L. Fahey, both of Cedar Rapids, for appellant.

L. M. Hullinger and L. M. Hullinger, Jr., both of Cedar Rapids, for appellee.

WENNERSTRUM, J.—The defendant-husband in a divorce proceeding later sought modification of the decree. The trial court denied the application and the defendant has appealed.

The plaintiff and defendant were divorced on November 30, 1953. Prior to the entry of the decree, and subject to the approval of the court, the parties entered into a stipulation in which it was agreed the plaintiff would be granted the custody and control of the two minor children and the defendant would pay the sum of $18 per week for the support and education of them. The stipulation was by reference made a part of the decree.

There was some variance in the testimony of the defendant at the hearing on the application for modification of the decree relative to the amount of his earnings at different times. However, there is basis for the findings of the trial court which held at the time of the divorce decree the defendant was employed and receiving pay, excluding deductions, of $170.12 each two weeks as a janitor at the Rock Island Arsenal. It further held while so working he lived at the Y.M.C.A. where his room rental was $7.50 a week and had transportation expenses to and from Cedar Rapids each week. Due to his physical condition the defendant lost his job and from March 17 to October 1954 he worked at the Oakdale Sanitarium near Iowa City for $120 a month. The defendant later suffered a back injury from a fall on ice and he was not employed from December 30, 1954 until February 21, 1955. The trial court further found at the time of the hearing the defendant was employed and received pay of $109.25, excluding deductions, each two weeks.

The plaintiff testified she and the two children live in a rented residence on a farm property near Millersburg in Iowa County. The son, who was three and a half years of age at the time of the hearing for modification, was not in good health and had been under the care of doctors for a period of time and his condition would require medical attention for an indefinite period in the future.

At the time of the divorce decree the plaintiff was given the residence property owned by the parties which was later sold for $11,500. There was a mortgage on this property of approximately $2773. The defendant under the stipulation and

the decree received $2750. This was paid by the wife refinancing the mortgage on the property subsequent to the divorce. The mortgage indebtedness was later paid when the property was sold. At the time of the hearing the defendant had $750 remaining of the amount he had received from the property settlement. It is held in government bonds.

The plaintiff has put $5000 of the proceeds from the sale of the home in a trust fund for the two children in a bank in Williamsburg. She testified the money is deposited in her name and also in the name of the children. The nature of the trust is not noted in the record. The plaintiff has 105 acres of land in Iowa County and she stated she received the income from it. The source of this property is not shown. The defendant remarried on February 14, 1955, and his present wife is working and apparently earning sufficient money for her own needs.

I. It has been the repeated holding of this court no modification of a divorce decree should be made unless there has been a substantial change in the conditions or circumstances of the parties since the entering of a decree. Section 598.14, 1954 Code; Pearson v. Pearson, 247 Iowa 437, 441, 74 N.W.2d 224, 226, and cases cited; Kuyper v. Kuyper, 244 Iowa 1, 4, 55 N.W.2d 485; Prandy v. Prandy, 241 Iowa 1050, 1053, 44 N.W.2d 379. A change in a divorce decree is only justified when it adapts the original decree to changed conditions of the parties. Prandy v. Prandy, supra, and cases cited. We have also held a decree should not be modified unless the enforcement of it would result in a positive wrong or injustice, under the changed conditions. Keyser v. Keyser, 193 Iowa 16, 17, 186 N.W. 438.

II. The burden is upon the party seeking to have the change made to show by a preponderance of the evidence there has been a substantial change in the conditions or circumstances since the entry of the decree. Pearson v. Pearson, supra; Shepard v. Gerholdt, 244 Iowa 1343, 1346, 60 N.W.2d 547. We hold the applicant has met the burden placed on him. There was no evidence denying the reduction in the earnings of the husband.

III. The right of modification of a divorce decree in regard to alimony and child support is largely vested in the trial court's discretion. We, as an appellate court, will not disturb its conclusions on appeal unless there has been such an abuse. Kuy-

per v. Kuyper, supra, and cases cited. In the instant case we must hold the trial court was in error in refusing to grant the modification sought. It is not denied at the time of the decree the defendant's net earnings were $170.12 each two weeks and at the time of the modification hearing his net pay was $109.25 each two weeks, a reduction of $60.87 or approximately 35.7%. Although the facts in each case must be determinative whether a modification of a decree should be granted, yet we have held a substantial change in a divorced husband's ability to pay support money for children or alimony would justify such action. Hart v. Hart, 239 Iowa 142, 145, 30 N.W.2d 748; Smith v. Smith, 239 Iowa 896, 898, 32 N.W.2d 662. In the last cited cases the facts disclose the ability to pay increased alimony and support money was by reason of increased earnings and by an inheritance. Conversely, if there has been a substantial lowering of earning power a modification of the decree should be made.

IV. The change of circumstances which will justify a modification of a decree relative to alimony and child support should be of a permanent or continuous nature and not a temporary condition. Pearson v. Pearson, supra. We are convinced the earnings of the defendant have been reduced for such a length of time as to justify our conclusion the reduction is of a permanent nature.

V. It is an accepted rule the allowance to a wife for the care of the children is primarily for such children and their proper welfare and best interest should be considered by the court in passing upon the question of a possible modification. There is no question the foregoing rule is a sound one. However, its application should be made in the light of all circumstances, particularly where there has been a substantial permanent reduction in the earnings of the father.

Under the facts disclosed it is our conclusion the trial court abused its discretion in refusing to modify the decree. We hold the weekly payments should be reduced to $13 or a reduction of $5 per week. The cause is remanded for a modification of the decree in conformity with our holding herein.—Reversed and remanded.

All JUSTICES concur.