MILLARD S. ASH, appellee, v. ANNIE ASH, appellant.

No. 49235.

(Reported in 85 N.W.2d 530)

OCTOBER 15, 1957.

Fisher & Fisher, of Cedar Rapids, for appellant.

Winfield S. White, of Marion, for appellee.

WENNERSTRUM, J.—This appeal has resulted by reason of an application for and a subsequent modification of a divorce decree relative to the custody of two minor children born to the parties herein. In the decree of divorce the defendant-mother was given the care and control of them. The plaintiff-father later sought custody of the children and following a trial on this issue a decree of modification was granted. The defendant-mother has appealed.

At the time of the commencement of the divorce action the plaintiff and defendant had one child, a son, Raymond Edward Ash who was then about one year of age. Later and before the entry of the divorce decree a second child was born to the parties, a daughter, named Rose Marie. Following the divorce of the parties herein the defendant was married to Delbert Frank Witham. Witham apparently deserted the defendant in the present action and before a child was born as the result of this marriage. Later a divorce was obtained from Witham by the present defendant. She is now married to a LeRoy Smith and according to her testimony she has had a child by him, which she was expecting prior to this last marriage. The Witham child has lived with the defendant's mother and her husband since the marriage with Smith.

The plaintiff-father has contributed to the support of his children $17.50 per week. The son, Raymond, has lived with his grandparents since the parties herein were divorced. Rose Marie, the daughter here involved, has lived with her grandparents a part of the time although during the period when the defendant herein has been married Rose Marie has lived with her. There is evidence to the effect that although Raymond was of school age on July 21, 1955, he had not attended school up to the time of the hearing for the modification of the decree—May 23, 1956. There is also evidence the father of the plaintiff, the acknowledged common-law husband of the mother of the defendant, uses intoxicating liquors to excess. It is also shown the defendant has at times been intoxicated.

The plaintiff in this action and the father of the children here involved has remarried and has purchased a home for $6500. At the time of the hearing he owed approximately $4000 on the property. This home, according to his testimony, is modern, is on a lot 82 by 160 feet, has three large rooms which can be changed to make two extra rooms if found necessary. It is some three to four blocks from a new school which the children would attend if they lived with the plaintiff and his wife. By reason of subsequent orders of the court the children have visited this home and there is evidence that on these occasions they were not clean and the plaintiff and his present wife found it advisable to bathe them. It is shown the son, at least, needed medical attention. The plaintiff's present wife testified she was willing to take the children into her home and to feed, clothe and educate them. There is evidence which shows the home of the grandparents is not modern and the living conditions therein are not particularly satisfactory. The defendant-wife says of her present home that it is a little short of space but she and her husband plan to buy a residence property. Concerning the bringing of Raymond into her present home the defendant-mother states: "* * * We could handle him if we had to." There are additional facts which might be set forth bearing on the claimed change of circumstances. However, we have determined sufficient facts have been set out to justify our conclusion the trial court was correct in modifying the decree relative to the custody of the two children born to the parties herein.

██ I. Modification of a divorce decree may be made by the court "* * * when circumstances render them expedient." Section 598.14, 1954 Code of Iowa. The district court has power under the above statute to change the custody of minor children when conditions and circumstances which existed at the time of the decree of divorce have been substantially changed. Blundi v. Blundi, 243 Iowa 1219, 1226, 55 N.W.2d 239, 241; Pearson v. Pearson, 247 Iowa 437, 441, 74 N.W.2d 224; Gesmacher v. Gesmacher, 247 Iowa 836, 839, 76 N.W.2d 790, 791. A decree will not be changed unless its continuing enforcement will result in a positive wrong or injustice in the light of changed conditions. Prandy v. Prandy, 241 Iowa 1050, 1054, 44 N.W.2d 379, 381,

and cases cited; Apfel v. Apfel, 238 Iowa 274, 277, 27 N.W.2d 31, 33, 34. We cannot reach any other conclusion than that to leave the children in the legal care of the mother, which she has only in part assumed, would result in a positive wrong and injustice to the two children, in whose future and well being we are most concerned.

II. It is a cardinal rule in cases such as here before us the well being and the best interest of the child or children should be a determining factor. York v. York, 246 Iowa 132, 136, 67 N.W.2d 28; Freese v. Freese, 237 Iowa 451, 458, 22 N.W.2d 242. We have heretofore set out many of the general facts which have a bearing on the question in which home would the children find conditions which would be for their best interest. In considering this question we should keep in mind the son, Raymond, has apparently never lived in a separate home in which the defendant has lived. He has always lived with his grandparents. When his mother was not married she and the daughter, Rose Marie, along with Raymond, all lived together in this home. Although circumstances may not have made it possible, yet it should be kept in mind the defendant has never really taken care of the boy. In addition to the two Ash children there is the Witham boy. Although it is not a controlling factor, the mother has never had this child in any home or apartment of her own. And now the defendant-mother has another child. It hardly seems possible she and her present husband have accommodations for three children and the two adults. We cannot conclude it would be for the best interest of the two children here involved to live under the conditions which undoubtedly would be provided.

III. The applicant for modification of a divorce decree has the burden to show a change of circumstances by a preponderance of the evidence. Pearson v. Pearson, supra, 247 Iowa 437, 74 N.W.2d 224, and cases cited; Gesmacher v. Gesmacher, 247 Iowa 836, 839, 76 N.W.2d 790, 791. In the instant case our review of the record convinces us the plaintiff-father has sustained this burden.

IV. Our review of this case is de novo. However the trial court has a large discretion in matters of the nature before

us. We could further set out additional facts and supporting authorities but it is sufficient to state there were changes of circumstances which justified the change of custody of the two children. We therefore affirm.—Affirmed.

All JUSTICES concur.