GORDON E. RAHN, appellant, v. CAROLINE K. RAHN CRAMER, appellee.

No. 49035.

(Reported in 85 N.W.2d 924)

NOVEMBER 12, 1957.

Willis A. Glassgow and Silliman & Gray, all of Cedar Rapids, for appellant.

O. W. Lawrence and Albert T. Gravelie, both of Cedar Rapids, for appellee.

HAYS, C. J.—The trial court modified a divorce decree as to the care and custody of the parties' minor children, and this order presents the sole issue on appeal.

Plaintiff and defendant, married in 1943, are the parents of three boys, now age ten, eight and five. In September 1953 a divorce based upon cruel and inhuman treatment was granted to the plaintiff. By stipulation of the parties, approved by the court and made a part of the decree, the custody of the children

was given to the plaintiff and it was provided that the defendant "shall have the right to visit the said children at any reasonable time. She shall further have the right to have said children with her during summer vacation for a period not to exceed ninety (90) days each summer, providing that she has adequate housing facilities for the children."

In August 1954 applications were made for a modification of the decree as to the custody provision. By stipulation of the parties, approved by the court, the above custody provision was modified. As modified, her visitation rights were changed (not involved here) and as to the summer custody, it was provided, "She shall have the right to have one or more of said children at her option but simultaneously not to exceed four weeks during the summer vacation * * *. The period of not to exceed four weeks shall not be split in two or more shorter periods."

In April 1956 defendant filed an application for a modification of the decree as to her custodial rights, which is the matter now before this court. After a hearing the trial court modified the order of August 1954 as follows: "She shall have the right to have one or more of said children at her option but simultaneously for any part of the period beginning with the spring closing of the public school which the children attend and ending the first Sunday in August, at which time the children are to be returned to the plaintiff." During such period plaintiff was granted certain visitation rights.

Plaintiff, in appealing from such modification asserts two propositions: (1) No substantial change of circumstances since the modification of 1954, and (2) it is contrary to the best interest of the children.

While not too clear, we think the record shows that at the time of the 1954 modification, the mother, appellee here, was working and was unable to provide "adequate housing facilities for the children." It is appellee's contention that conditions have so changed that such facilities are now available. The following facts are disclosed in the record: Defendant was married in 1955 to her present husband, Wayne Cramer. He owns a grain storage business at Kamrar, in Hamilton County, but lives in Des Moines. He also owns an eight-room house in Kamrar, which is rented to a schoolteacher, and appears to have some

financial means. He is a divorcé and has three children by his first marriage, two boys and a girl, age sixteen, fifteen and fourteen. By his divorce decree the mother, who lives in Wisconsin, has their custody except during the summer months when it was given to their father.

The facilities available for the care of the children in question are as follows: Cramer has a trailer house thirty-four feet long and eight feet wide with shower and bathtub, stool and lavatory. It has bunk beds, a double bed and a hide-a-bed and will sleep six people. This trailer will be taken to Clear Lake, Iowa, in May and placed in the City Trailer Camp, located a block or so from the lake. They will have as an addition thereto a cabana, twenty-four by nine feet, with concrete floor, with bunk beds for two of the children. During the summer months these facilities would be used by Mr. and Mrs. Cramer, his three children, and her three children.

As to the home provided by the father, appellant, the record is as follows: He is a doctor and lives at Mount Vernon, Iowa. He remarried, in October 1954, a woman with a son by a previous marriage, and there is a daughter by their marriage. They live in a nine-room brick home with a full basement and located on two lots. It is but a short distance from school and at least the usual recreation facilities found in a city of that size are available to them. The children attend school and their grades show satisfactory work. They also attend the Methodist Sunday school regularly. The home life seems happy and a mutual affection exists between the three boys and their stepmother. There is some evidence of a lack of discipline on the part of the children after returning from a prolonged stay with their mother.

There is nothing in the record to show that either the father or the mother is not a proper person to rear these three boys, and in fairness it should be said that Mr. Cramer seems willing to have the children with them during the summer months. During the trial, the court, in the presence of counsel, questioned Victor Rahn, the oldest of the three children. He expressed affection for both his mother and stepmother and also the wish to spend only a month at the lake instead of all summer. The foregoing we think fairly states the record.

■ The solution in a divorce action as to which of the parents should have custody of their minor children is a headache to the trial court and, with a few exceptions, is decided by the court with a hope and a prayer that the decision arrived at proves to be for the welfare and best interest of the children involved. At that stage of the proceedings, precedent is of little value and the decision rests largely in the sound discretion of the trial court. Only where there is a clear abuse of that discretion is this court prone to act.

■ Section 598.14, Code, 1954, authorizes the trial court to determine the custodial rights as to children of the marriage, and unless altered on appeal such order is final. Said section further provides, "Subsequent changes may be made by it in these respects when circumstances render them expedient." It is this phase of the statute that has been invoked in the instant case. It is the established rule of this court that circumstances warranting a change must be those that have arisen since the initial decree, not those existent at the time thereof, and which tend to work for the welfare of the children. For a statement of this rule and authorities in support thereof, see York v. York, 246 Iowa 132, 67 N.W.2d 28. See also annotation, 43 A. L. R.2d 364.

It is the writer's opinion that where custody of minor children is involved a strict adherence to this rule is especially important. It is well known that a delicate plant, once embedded in the soil and properly nurtured will probably thrive and mature, but if subjected to frequent transplanting, there is less likelihood of proper development. A delicate or intricate machine, carefully installed and undisturbed, functions properly, but if unduly tampered with may well be source of trouble. Similarly, a child, once established, adjusts itself to the surroundings, learns to recognize and respond to the one in authority and probably will attain its proper sphere in life. Disturb this tranquillity by a change of surroundings, by a split or double voice of authority, and there cannot help but be a damaging result to the child. Only where circumstances existing at the time a change is sought clearly show that the best interests of the child require a change be made, should custodial rights be changed.

True, each parent has rights which should be recognized but such recognition should be secondary to the child's welfare. Even though the instant case involves only the question of a change for a three-month period, the same rule applies. Beyerink v. Beyerink, 240 Iowa 45, 35 N.W.2d 458; Paintin v. Paintin, 241 Iowa 411, 41 N.W.2d 27, 16 A. L. R.2d 659.

In the instant case, these children are living in the only home they have ever known. A good adjustment with a stepmother in the home appears to have been established. They are happy and well cared for. The only change of circumstances offered by the appellee is that she is now remarried and is able to provide a proper place to keep them. Even assuming that at the time of the original decree, had her facilities to care for them been as they now are, the trial court might have granted her the custody, such was not the case, and a mere change of financial circumstances is not a sufficient basis for disturbing the apparently happy home of these children. York v. York, 246 Iowa 132, 67 N.W.2d 28; Annotation 15 A. L. R.2d 432 is very much in point.

Without deciding whether the facilities offered are sufficient to properly care for these children, but assuming such to be the case, there is nothing in the record that leads us to think the welfare of these children will be furthered by the change. The judgment of the trial court is reversed and remanded with directions to dismiss the application for a modification of the decree.—Reversed and remanded.

All JUSTICES concur except THOMPSON, J., who takes no part.