FERN DAWSON, appellee, v. FRANCIS J. DAWSON, appellant.

No. 49369.

(Reported in 88 N.W.2d 117)

FEBRUARY 11, 1958.

Carey & Salisbury, of Newton, and Life & Davis, of Oskaloosa, for appellant.

Hammer & Matthias, of Newton, for appellee.

WENNERSTRUM, J.—Francis J. Dawson, the defendant in a prior divorce proceedings, wherein a divorce was granted to his wife, Fern Dawson, later made application to modify the decree.

He sought to have the custody of the parties' minor child, Glenn Francis Dawson, given to the mother in the original decree, changed to him. The trial court held the applicant had failed to show a substantial change in conditions to justify a modification of the decree and denied the application. The defendant-father has appealed.

The decree of divorce was granted on September 22, 1955. Both the plaintiff and the defendant have remarried since their divorce. Marriage is a rather transitory state on the part of the parties involved in this appeal. Her marriage to the defendant was her third venture in seeking connubial bliss. In each of these matrimonial experiences, bliss, if it ever was present, did not continue long as she was divorced in each instance. She is now married to her fourth husband. The child in controversy was living in the home provided by the present husband of the plaintiff at the time of the modification hearing. A child was born as the result of each of the three prior marriages. The children, other than Glenn Francis Dawson, the one here in controversy, were not living with the plaintiff and her present husband at the time of the hearing here under review. They did not live with their mother while she was married to the defendant.

The applicant in this modification proceeding also has been married four times. His marriage to the plaintiff was his third matrimonial venture. According to his testimony he had two children by his first marriage, and one child by a second marriage. He testified he was not contributing to the support of these children. At the time of the hearing Glenn Francis Dawson was at least two and one-half years old.

A detailed recounting of the charges and countercharges made by the plaintiff and defendant and their respective witnesses would not be of any benefit to the bench and bar of this state. It is sufficient to state the testimony supporting the father's application was given by his relatives and those closely associated with him. Their testimony was extremely critical of the plaintiff-mother and the homes provided for the child with whom we are concerned. On behalf of the mother there was testimony by some of her relatives, by a physician who had given attention to the care of the child, as well as testimony

furnished by certain county officials. It was all to the effect the child had received and was receiving proper care and that the homes in which he had lived were clean and wholesome as well as its present home. The trial court in making its ruling made a statement which indicated it did not think well of either of the parties and from our review of the record it was justified in making the following comment:

"I wish I had the power to do what I think ought to be done. There is nothing wrong with the little boy, no signs of mistreatment or maltreatment. He ought to be able to finish his life where he can have a home with decent people and have a happy boyhood but he won't. * * * The judgment of the court is that there is no substantial change in the conditions now existing that would justify the court in making any modification of the decree. Therefore, the application is dismissed."

I. Under the provisions of section 598.14, 1954 Code, subsequent changes relative to custody of a child or children may be made by the trial court when circumstances render them expedient. This court, as well as courts generally, have adhered to the rule that in considering the advisability of modifying a decree of divorce relative to the custody of a minor child or children, its or their well being and best interest should be the determining factor. Ash v. Ash, 248 Iowa 1310, 1313, 85 N.W.2d 530, 532, and cases cited; Rahn v. Cramer, 249 Iowa 116, 121, 85 N.W.2d 924, 927; Blundi v. Blundi, 243 Iowa 1219, 55 N.W.2d 239; York v. York, 246 Iowa 132, 67 N.W.2d 28. In the light of the extreme conflict of testimony given by the respective parties and their witnesses we are disposed to give particular consideration to the determination of the trial court. In matters of this character we are inclined to leave the matter of child custody to the sound discretion of the court and as an appellate court we are not disposed to change its determination unless we conclude there has been a clear abuse of discretion. Rahn v. Cramer, supra.

We are conscious that as an appellate court we are under obligation to review appeals of this character de novo. This we have done. We are convinced the trial court was justified under the evidence in making the ruling it did. We cannot hold it

**592**

abused its sound discretion.

■ II. It has been our holding a decree of divorce will not be modified unless it is apparent its continuing enforcement will do a positive wrong in the light of changed conditions. Apfel v. Apfel, 238 Iowa 274, 277, 27 N.W.2d 31, 33, 34; Prandy v. Prandy, 241 Iowa 1050, 1054, 44 N.W.2d 379, 381; Ash v. Ash, supra. It is true the evidence indicates the present wife of the applicant is a good housekeeper and has not been subjected to the type of criticism directed toward both of the parties in this proceeding. She has indicated an interest in the child and stated she was willing to assume the care of Glenn Francis Dawson. The applicant is shown to be purchasing on contract a home in or near Newton. Despite these facts, we, under all the circumstances disclosed, cannot reach the conclusion a positive wrong will be done to the child by continuing its custody with the mother.

■ ■ III. The burden is on an applicant for a modification of a divorce decree to show by a preponderance of the evidence there has been a change of circumstances. Gesmacher v. Gesmacher, 247 Iowa 836, 839, 76 N.W.2d 790, 791; Pearson v. Pearson, 247 Iowa 437, 74 N.W.2d 224; Ash v. Ash, supra. We have concluded the applicant has not met the required burden.

We feel justified in holding the trial court was right in denying a modification of the decree relative to the custody of the minor child. We are unable to conclude there has been shown, as required by the Code, changed "* * * circumstances [which] render them [changes in decree] expedient." Section 598.14, 1954 Code.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.