BEVERLY A. HEATER, appellant, v. HARLAN H. HEATER, appellee.

No. 50693.

(Reported in 118 N.W.2d 587)

DECEMBER 11, 1962.

Ralph L. Powers and Henry Wormley, both of Des Moines, for appellant.

Lex Hawkins, of Des Moines, for appellee.

PETERSON, J.—Plaintiff and defendant were divorced January 15, 1958. The custody of their daughter, Christina, age six, was granted to defendant. Both parties live in Des Moines and plaintiff was granted the right of visitation by having custody of Christina each weekend from 6 p.m. Friday until 6 p.m. Sunday. She was also granted the right to have her daughter three weeks in the summertime, at a time which did not interfere with her education.

May 24, 1960, plaintiff filed application for modification of the decree praying for change of custody of Christina from defendant to plaintiff. The cause was tried March 8, 1961. The District Court denied change of custody. Plaintiff appealed.

There are two questions before this court. 1. Was there sufficient material change in the circumstances of the parties between January 15, 1958, and March 21, 1961, to justify change of custody as to Christina, then nine years of age? 2. Is it for the best interest and welfare of Christina that she be moved from her present home with her father and grandmother to the home and custody of her mother?

Section 598.14 is as follows: "Alimony—custody of children—changes. When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

I. Changes as to custody should not be made for trivial or immaterial reasons. Any change of custody should be based on substantial grounds. 27B C. J. S., Divorce, section 317(2a); Neve v. Neve, 210 Iowa 120, 125, 230 N.W. 339, 341; Apfel v. Apfel, 238 Iowa 274, 27 N.W.2d 31, 33, 34; Beyerink v. Beyerink, 240 Iowa 45, 48, 35 N.W.2d 458; Dow v. Dow, 240 Iowa 145, 35 N.W.2d 853; Shepard v. Gerholdt, 244 Iowa 1343, 60 N.W.2d 547; Dean v. Dean, 244 Iowa 1297, 60 N.W.2d 551, 561; Gesmacher v. Gesmacher, 247 Iowa 836, 839, 76 N.W.2d 790, 791; Ash v. Ash, 248 Iowa 1310, 1312, 85 N.W.2d 530, 532;

Rahn v. Cramer, 249 Iowa 116, 85 N.W.2d 924, 926; 17A. Am. Jur., Divorce and Separation, section 839, page 32.

In Neve v. Neve, supra, we said: " 'Subsequent and *material*' facts and circumstances are not shown by appellant. Mere subsequent facts and circumstances are not enough. The subsequent facts and circumstances must be of such character as to *render expedient* a change in the original judgment and decree." (Emphasis supplied.)

Beyerink v. Beyerink, supra, stated: "The power of the trial court or of this court under said Code section 598.14 should be exercised only when there is a material and substantial change of condition or circumstance respecting one or both parties since the entry of the original decree, rendering a modification therein expedient."

See Ash v. Ash, supra, "The district court has power under the above statute [section 598.14] to change the custody of minor children when conditions and circumstances which existed at the time of the decree of divorce have been substantially changed."

In the case at bar, plaintiff, who was experienced in office work, commenced work shortly after the divorce. She first worked in a law office; then with the Des Moines City Zoning Commission; then in the Police Juvenile Bureau for one year. She then re-established her civil service rating with the government and in November 1949 became employed by the Internal Revenue Service in a responsible position as secretary to a Chief in the Service. It had evidently been contemplated by the parties and the court when the divorce decree was granted that she would go back to work because no alimony or support money was established in her favor.

Defendant was engaged in the insurance business and was part owner of a golf course when the decree was granted. At that time he was earning $5000 per year. When this application for modification was tried he was earning $6000 per year.

Before the divorce the parties had purchased a nice modern home and in the decree it was divided equally between the two parties. Plaintiff was occupying the home at the time of this hearing. Shortly after the divorce was granted plaintiff bought

defendant's one-half interest, having borrowed the money to pay him for his share. She was repaying such money in semiannual payments of principal and interest.

Both parties were members of the Catholic Church. Christina was attending a parochial school when the divorce was granted. Both parties are entitled to commendation for assistance in connection with Christina's education and church attendance. Defendant and Christina made their home with his mother in a modern six-room home. He was diligent in keeping Christina in daily attendance at school. Since plaintiff had the daughter weekends she was diligent in taking her to church on Sunday.

We find from the record there were no material nor important changes as to the parties or Christina during the three-year period involved.

■ II. The presumptions as to a decree of divorce are in favor of the party receiving the custody of children, and the burden of proof is upon the moving party seeking modification to establish conditions have so changed since the original decree as to bring the expediency of the change within the statute authorizing modification. Beyerink v. Beyerink, supra; Nichols v. Nichols, 239 Iowa 1173, 1177, 34 N.W.2d 187; Jensen v. Jensen, 237 Iowa 1323, 1324, 25 N.W.2d 316; Wood v. Wood, 220 Iowa 441, 444, 262 N.W. 773; Morrison v. Morrison, 208 Iowa 1384, 227 N.W. 330; Dawson v. Dawson, 249 Iowa 588, 592, 88 N.W.2d 117; Gesmacher v. Gesmacher and Ash v. Ash, both supra; Kinney v. Kinney, 150 Iowa 225, 228, 129 N.W. 826; 17 Am. Jur., Divorce and Separation, section 684, page 519 (now section 837, page 29 of 17A Am. Jur.).

See Dawson v. Dawson, supra, "The burden is on an applicant for a modification of a divorce decree to show by a preponderance of the evidence there has been a change of circumstances."

In Nichols v. Nichols, supra, the court said: "The burden here is on defendant [applicant] to show some material change in the circumstances of the parties * * * making it equitable that terms be imposed different from those provided by the divorce decree."

In Jensen v. Jensen, supra, we said: "It can be modified only if plaintiff [applicant] has carried the burden of proving by a preponderance of the evidence that subsequent conditions have so changed that the welfare of the child demands such modification."

We have concluded applicant has not met the required burden.

III. The important question in custody cases of this type is the best interest and welfare of the child. Rule 344(15), Rules of Civil Procedure.

In 17A Am. Jur., Divorce and Separation, supra, the following general and well established principle appears: "The court is guided only by the rule of very general application that the welfare and best interests of the child are the primary concern in determining whether the order shall be changed."

The importance of the welfare of the child was directly and tersely stated in Beyerink v. Beyerink, supra, at page 49 of 240 Iowa: "We have many times held in proceedings of this kind that the welfare and best interest of the child is a fundamental and paramount consideration. It is a prime factor on the issue of expedience." This statement is supported by the citation of thirteen other cases.

We approved the following statement in Scheffers v. Scheffers, 242 Iowa 563, 570, 47 N.W.2d 157: " ' "When a child is legally placed in a home where it receives good treatment and moral training, it should never be removed from that home, except for the most cogent reasons." ' " Supported by Jensen v. Jensen, supra; Wiggins v. Wiggins, 239 Iowa 1279, 1297, 34 N.W.2d 607, 616; and Jensen v. Sorenson, 211 Iowa 354, 364, 366, 233 N.W. 717. The statement is applicable in the instant case.

Is it for the best interest of Christina that she be taken from her present home with her father and grandmother and moved to the home of her mother? As far as the two homes are concerned they are both modern and comfortable. As far as the financial condition of the parties is concerned, it is substantial as to both parties, and each has sufficient means to properly care for the daughter.

However, there are other than financial matters to be considered in connection with changing the custody of a ten-year-old girl.

Neither party has remarried. There is evidence in the record that defendant is contemplating marriage, but it is not sufficiently certain so that neither the trial court nor this court would be justified in considering the condition as a verity.

Plaintiff has not remarried. The record discloses a rather close relationship with boy friends. At this point we approach a factor with reference to plaintiff's application which the trial court held it could not ignore and which we hold must be taken into consideration. It appears without doubt in the record that plaintiff had one boy friend who spent a considerable part of his time at plaintiff's home. Apparently several times a week he was at plaintiff's home until from 3:30 to 4:30 in the morning. She permitted him to come under such conditions on some occasions when Christina was at the home during the weekend.

The evidence as to this fact was quite conclusive through the evidence of a detective retained by defendant. Plaintiff did not deny such nocturnal visits. When asked about the matter under cross-examination she evaded the question. Her answer consistently was that she did not keep time as to when her guests left her home. She was so evasive that the trial court in its decree said: "Plaintiff in her testimony in said hearing has failed to be persuasive that she has made a full disclosure to the Court, and that her manner of living would in anywise change if she were awarded custody of her daughter."

Plaintiff's evasion, and in fact prevarication, is one of the factors which prevented the trial court from entrusting the care and sole supervision of the daughter to her. Christina is now ten years of age and is about to enter into her teen-age and formative years.

We are mindful of the fact that the case is triable de novo, and of our consequent responsibility, and have considered it accordingly. However, we give weight to the trial court's decision.

In this respect the case is somewhat analogous to Nichols v. Nichols, supra, in which Judge Smith said on page 1180 of 239

Iowa: "The case is one the decision of which involves to an unusual degree the exercise of judicial discretion, based not only on the evidence but also on the *appearance* and *demeanor* of the parties. This advantage the trial court has had." (Emphasis supplied.)

The daughter testified. We are rendering our decision on the basis of the testimony of the other witnesses in the case and are not giving any effect to the testimony of the immature nine-year-old daughter. However, we are going to quote briefly from the daughter's testimony, not because it is decisive, but because it is illuminating. The testimony is:

"Q. Do you have any preference where you live? A. Well, with my Dad.

"Q. Has anyone tried to tell you what you should testify to here today? A. Yes, both of them talked to me. Mother said she would lose everything, and Dad said if I wanted to live at Mother's he would not try to stop me, but if I wanted to live at his house, he wanted me to live there."

It is pertinent that we should caution defendant he has not been cheerfully cooperative since the divorce as to the matter of plaintiff securing Christina for the weekend visitation. There was one unfortunate incident when he struck plaintiff as she was securing the daughter. This was inexcusable. There was another incident when Christina was sick and plaintiff had to get her and bring her to the hospital for care. We realize that plaintiff had secured the daughter over 150 times since the divorce so these incidents were isolated, but they should not be repeated. Defendant should cooperate as to the visitations, especially for the sake of Christina. He should take her to her mother on Friday evening occasionally instead of expecting plaintiff always to call for her.

On the complete record we find the welfare of Christina is better conserved by her remaining with the father, and the trial court was correct in denying change of custody.

The case is—Affirmed.

All JUSTICES concur except MOORE, J., who takes no part.